MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v.
T. L. ROSE.

Delivered October 15, 1898.

**1. Evidence of Damage—Personal Injury—Expectancy.**

To show the expectancy of life of a brakeman injured in the course of his employment he may state whether his mother is living and her present age.

**2. Same—Identifying Defective Machinery.**

For the purpose of identifying the car from which the plaintiff while descending fell, to his injury, because a hand-hold gave way, he may testfy that the hand-hold had been recently placed on the car.

**3. Same—Expert Evidence of Injury.**

In an action for personal injuries a statement by a physician that the text-books show that one in the plaintiff's condition can never entirely recover, and that he had seen such cases that remained for considerable periods without rapid progress, if erroneous, is harmless, where the undisputed evidence shows that the plaintiff's disease is not entirely curable.

**4. Same—Patient's Statement of Symptoms.**

A physician may state, in an action for personal injuries, what the plaintiff told him as to his symptoms and pain's from the time of the accident to that of the examination.

**5. Charge of Court—Evidence Warranty—Defective Machinery.**

In an action by a brakeman to recover for personal injuries, an instruction that if the plaintiff was injured by falling from a car because a hand-hold insecurely fastened and not in reasonably safe condition gave way, he might recover, is justified by allegation and proof that the fastenings gave way because of the rottenness of the wood to which they were attached.

APPEAL from Rains.    Tried below before Hon. HOWARD TEMPLETON.

*Head, Dillard & Muse* and *T. S. Miller*, for appellant.

*B. H. McMahan* and *C. H. Yoakum*, for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—On the 1st day of August, 1897, the appellee was in the employment of appellant as a brakeman, and on that day while descending from the top of a freight train, at or near a place called Island Creek Tank, one of the hand-holds attached to the side of the car gave way and he was precipitated to the ground, sustaining injuries as he alleges and claims about the small of his back and kidneys.

On the 28th of October, 1897, he filed his petition in the District Court of Rains County, and sought to recover of appellant $30,000 for damages be reason of personal injuries sustained by him under the circumstances above stated.

On November 5, 1897, the defendant filed its answer, which consisted of a general demurrer and general denial, and a special plea setting forth that plaintiff's injuries, if any he suffered, were caused by his own negligence, and that such injuries resulted from the risks assumed by plaintiff when he entered the service of defendant; that plaintiff had full knowledge of any defects in the ladder.   That the car referred to in plaintiff's petition, on the ladder on which he was descending, was a foreign car received by it from another company, and loaded at the time it was received by defendant; that defendant had said car inspected in the usual manner; that plaintiff was well acquainted with the manner in which said character of cars were inspected, and had been so acquainted for a long time prior to his injuries.

On the 13th day of December, 1897, the case was tried in the District Court of Rains County, and resulted in a verdict and judgment in favor of plaintiff.

The defendant in due time filed its motion for new trial which was overruled, to which defendant excepted and gave notice of appeal.

The appeal was duly perfected.

*Opinion.*—Appellant's first assignment of error reads:  "The court erred in permitting the plaintiff, P. L. Rose, to testify that his mother

was living, and that she was now 70 years of age, because the testimony was irrelevant, immaterial, and too remote."

Upon the trial, while the plaintiff was testifying as a witness, he was asked if his mother was living, and what was her age. To which question, and the testimony sought to be elicited thereby, the defendant objected on the ground that it was irrelevant, immaterial, and too remote. The objections were overruled and the witness answered that his mother was now living, and that she was now 70 years of age. To this ruling of the court defendant excepted and took its bill of exception.

Appellant in support of its objections, relies upon the case of Railway v. Hanning, 43 Southwestern Reporter, 508. In that case the husband was suing for personal injuries to himself, and while upon the witness stand was permitted to testify that he had a wife, and that his wife had no means of support except her own labor. The Supreme Court held it was error to admit the evidence "that witness' wife had no means of support except her own labor." In the case before us there is nothing in the record tending to show that the mother of P. L. Rose was in any way dependent upon him, or that he was contributing to her support. It was competent to show the expectancy of life on the part of the plaintiff Rose, and as tending to show this fact the evidence was admitted to show that he was of a long-lived family. Although this testimony may have had but little weight, yet we can not say it was incompetent. We therefore overrule appellant's first assignment of error.

Appellant's second assignment of error reads as follows: "The court erred in permitting B. L. Rose, S. Pelphrey, and R. N. Allen to testify that a new or different hand-hold had been placed on the car, because such testimony is irrelevant and immaterial, all of which is set forth in defendant's bill of exceptions number 2."

Upon the trial, after the plaintiff had testified that on the 10th day of August, 1897, he examined car No. 10998, and found that the wood in said car at the bottom of the ladder was decayed and rotten, and that such wood was near the bottom rung of the ladder, or near where the same had been; he further testified, over defendant's objections, that another rung of the ladder or another hand-hold had been put on, or the hand-hold that was broken had been put on; and also the witnesses S. Pelphrey and R. N. Allen, who had been placed on the witness stand as witnesses by defendant, on cross-examination were permitted to testify, over defendant's objections, that another hand-hold had been placed on the car No. 10998.

The evidence shows that plaintiff was injured by the hand-hold coming off of car No. 10988. It was further shown that it was a foreign car, and its initials were B. M. & R. R.

The objection to the evidence was it was immaterial and irrelevant. The objections were overruled and the testimony admitted.

The court approved appellant's bill of exception, with this explanation: "That plaintiff desired to prove by the witness B. L. Rose the condition of the car from which plaintiff fell, and he testified that he

examined in Denison on August 6, 1897, a car No. 10988, marked B. M. & R. R. For the purpose of further identification, he was permitted to testify to the fact that a hand-hold had been recently placed on the car he examined subsequently. Allen and Pelphrey testified that after the accident and before B. L. Rose examined the car a new hand-hold was placed on the car from which plaintiff fell. At the time all this evidence was introduced I instructed the jury not to consider the same for any purpose except in so far as the same might tend to identify the car examined by Rose as being the one from which plaintiff fell. No admission was made until after this evidence had been introduced." This evidence was not introduced for the purpose of showing negligence on the part of the company, but solely for the purpose of identifying the car. The court instructed the jury not to consider the same for any purpose except in so far as the same might tend to identify the car examined by Rose as being the one from which plaintiff fell. The evidence was admissible for the purpose of identification, and the charge of the court expressly limited the evidence to the question of identification. The court did not err in admitting it. Railway v. Johnson, 78 Texas, 536.

Appellant's third assignment of error complains of the action of the court in permitting the witness W. A. Duffy to testify that, in what he was saying in reference to plaintiff's recovery, he was not governed by his treatment of the case, but by the text book authorities, and in testifying that such books claimed that there never was any perfect or entire recovery from the disease from with plaintiff was suffering, and in permitting the witness to testify that he did not believe that plaintiff would ever be able to work or be free from pain.

Dr. W. A. Duffy was introduced as a witness of plaintiff and testified that he was a physician, and had been attending plaintiff about two months. He further stated that plaintiff was suffering with chronic myelitis, and the witness described plaintiff's condition. Plaintiff than asked the witness this question: "I will ask you if he [meaning plaintiff] will ever be able to work any more,—be free from pain and recover his health?" The witness stated "I am not governed by my treatment of the case, but by the text book authorities. They claim that there is never any perfect or entire recovery, and I do not believe he will ever be able to work or be free from pain." To which question and answer the defendant objected, because the same were irrelevant, immaterial, and the opinion of the witness, which objections were overruled, and the testimony went to the jury for their consideration. Defendant took its bill of exception, which was approved by the court with this explanation: "The witness in this connection testified fully, as shown by the statement of facts, concerning his experience in such cases, his knowledge of the text book authorities, and in testifying gave his opinion as an expert as to the chances of plaintiff recovering."

The witness testified that he was a graduate of the Louisville Medical College, had been practicing medicine sixteen years, and had known plaintiff three of four years; that he had been treating appellee since the

middle of September to the time of the trial, December 13th, since which time he has been constantly under his care; that he examined him some time in September and again examined him minutely with Dr. Rosser in October.  He stated his condition fully.  That he is treating him for chronic myelitis,—that is, inflammation of the spinal cord and tissues. He thinks it is disseminated and not entirely localized.  By disseminated he thinks it is scattered through the brain, down through the marrow of the backbone.  The evidence is undisputed that chronic myelitis is not entirely curable.  Witness stated in his opinion appellee would never be able to work any more or be free from pain or recover his health.

This being the condition of the record, if there was error in admitting the statement as to what the text books showed, such error was harmless. We therefore overrule appellant's third assignment of error.

Appellant complains in the fourth assignment of the action of the court in permitting the witness Dr. C. M. Rosser to testify, over defendant's objections, that plaintiff told witness of his symptoms and pains from the time of his injury to the examination made by witness of plaintiff, etc., and in further permitting such witness to testify that from the history of the case from plaintiff he could not tell very accurately plaintiff's condition; that he could not locate the pain, but could tell probabilities of pain, because such testimony was irrelevant, immaterial, and hearsay, the opinion of the witness, and a declaration made by the plaintiff in his own interest.

The exception was overruled and the testimony admitted.  Defendant took its bill of exception.

The witness had testified that he was a practicing physician; that he had been a practicing physician about thirteen years; is a graduate of the University of Louisville; has been superintendent of the North Texas Insane Asylum; that he examined appellee and found a derangement of plaintiff's nervous system.  That in order to make a proper examination he had to get information from appellee, and that he got from him a history of the injury and a description of his symptoms from the time of the accident up to the time of his examination.  That his examination necessarily was confined largely to a personal examination of plaintiff, in which witness undertook to satisfy himself as to the correctness of the statements plaintiff made to him.  The conclusion of witness was that plaintiff's spine was in a state of chronic inflammation of more or less degree.  Witness then testified fully in reference to plaintiff's condition and gave it as his opinion that plaintiff was suffering from chronic myelitis, and that this is not entirely curable.  We think the evidence was competent, and hence overrule appellant's fourth assignment of error.  Railway v. Wheeler, 43 S. W. Rep., 876.

Appellant's fifth assignment of error complains of the action of the court in overruling its exceptions to the following question propounded to the witness Dr. Rosser while testifying in plaintiff's behalf:  "Have you in your medical books a record of a case of chronic myelitis that has been cured?" to which the witness answered:  "I do not recall any case

that has been entirely cured. I have seen cases that remained for considerable periods without rapid progress." The objection to this question and answer was, it was immaterial, irrelevant, and hearsay.

As before stated in passing upon appellant's third assignment of error, the undisputed evidence shows that chronic myelitis is incurable. Witness had previously stated that in his opinion appellee was suffering from myelitis in its chronic form, and he did not believe that the disease was entirely curable. Such being the condition of the record we do not think that this assignment presents reversible error.

Appellant's sixth assignment of error complains of the following charge given by the court: "If you believe from the evidence that the plaintiff was on the 1st day of August, 1897, in the employment of the defendant as brakeman, and that on that day he in the discharge of his duty required of him as brakeman attempted to alight from a box car, the same being a part of a train then being operated by defendant over its road, and that while he was so attempting to alight from said car one of the hand-holds attached to the side of said car to which plaintiff was holding gave way, and caused plaintiff to fall to the ground, and that he was thereby injured, and if you further believe that the cause of said hand-hold giving way was not in a reasonable safe condition on account of it not being properly fastened to the said car, and that defendant had failed to use the care that a person of ordinary prudence would have used under the circumstances to have said hand-holds in a reasonably safe condition, and that the failure of defendant to have said hand-hold in a reasonably safe condition was negligence, as that term is hereinbefore defined, and that but for said negligence the accident would not have occurred, then you should find for the plaintiff." The objection to this charge is that it presents a phase of the case not authorized by the pleadings and the proofs, in that there was no proof in the case that the hand-hold was not properly fastened to the car. That if there was any defect at all about the hand-hold, it was on account of the rotten and unsound condition of the timber into which the screws fastened the hand-hold. The petition alleged that the hand-hold came loose by reason of the insufficiency of the fastenings placed to hold it to the car, and that by reason of the fact that the wood in which said fastenings were placed was rotten and decayed, and that the same gave way by reason of said facts and caused plaintiff to fall. The evidence showed that appellee was hurt by the hand-hold pulling out of the wood by reason of the wood being rotten. The hand-hold was attached to the wood by two screws, one being three inches long and the other an inch shorter, and that these screws pulled out by reason of the wood being rotten.

The court instructed the jury that if appellee used ordinary care in furnishing appliances reasonably safe, appellee could not recover. There was no special instruction requested by appellant as to the specific cause of the injury. We do not think the charge complained of presents any reversible error, and we overrule appellant's sixth assignment of error.

We overrule appellant's seventh and ninth assignments of error as being without merit.

The record fails to show that the car had been inspected by the agents of appellant at any time previous to the accident. We therefore overrule appellant's tenth and eleventh assignments of error.

The fourteenth assignment of error complains of the verdict as being contrary to the evidence and to the law as set forth in the fourth special instruction asked by defendant and given to the jury. We have carefully considered the evidence. We think it supports the verdict, and is not contrary to the charge of the court. We have examined the other assignments of error and think they are without merit, and they are overruled.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*