GULF, COLORADO & SANTA FE RAILWAY COMPANY V.
LOUISA MOORE ET AL.

Decided March 29, 1902.

**1.—Action for Personal Injury—Survival—Death Before Suit Brought.**

Under the article of the statute providing that causes of action upon which suit may hereafter be brought by the injured party for personal injuries other than those resulting in death shall not abate by reason of such party's death, it is not necessary to the survival of the cause of action that suit thereon should be brought by such party in his lifetime. Rev. Stats., art. 3353a.

**2.—Railway Company—Assumed Risk—Engineer—Track.**

A locomotive engineer making daily trips over a certain track does not assume the risk of an unknown defect in the track unless the generally known condition of the track is such that he should have anticipated the existence of the particular defect.

**3.—Same—Duty of Lookout.**

A locomotive engineer is not bound, for the purpose of his safety, to keep a lookout ahead to ascertain whether the company has performed its duty as to furnishing him a reasonably safe track, as he has the right to presume that it has done so, and does not assume the risk of its failure in such respect.

**4.—Personal Injury—Evidence.**

Where the action is for personal injury, testimony that before the accident the injured party's disposition was pleasant, and that after it he was melancholy and depressed, was admissible to show that he suffered physical pain and mental anguish on account of the injuries.

**5.—Same—Survival of Action—Mental Suffering.**

Under the statute providing that a cause of action for personal injury shall not abate because of the death of the injured party, the entire action survives to the heirs, and they may recover for physical pain and mental anguish suffered by the deceased up to the time of his death. Rev. Stats., art. 3352a.

**6.—Appeal—Bill of Exceptions and Statement of Facts in Conflict.**

Where the agreed statement of facts does not contain testimony which a bill of exceptions shows was admitted, the statement of facts will control, and an assignment of error based on the bill of exceptions will not be considered.

Appeal from Johnson. Tried below before Hon. William Poindexter.

*J. W. Terry* and *Ramsey & Odell,* for appellant.

*J. A. Stanford* and *D. M. Watkins,* for appellees.

TEMPLETON, ASSOCIATE JUSTICE.—This case comes before us on appeal from a judgment recovered by the wife and children of Thomas Moore, deceased, on account of personal injuries sustained by him which did not result in his death. Moore did not sue on the said cause of

action in his lifetime, this suit having been instituted by appellees, as his heirs, after his death.

Appellees base their right to recover on article 3353, Revised Statutes of 1895, which reads as follows: "Causes of action upon which suit has been or may hereafter be brought by the injured party for personal injuries other than those resulting in death, whether such injuries be to the health or to the reputation, or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both, such cause of action shall survive to and in favor of the heirs and legal representatives of such injured party and against the person, receiver or corporation liable for such injuries and his legal representatives; and so surviving such cause of action may be hereafter prosecuted in like manner and with like legal effect as would a cause of action for injuries to personal property." Appellant contends that the statute applies only where the injured party has sued on his cause of action in his lifetime, and that, as Moore never sued, the cause of action abated upon his death and did not survive to his heirs.

Appellant insists that the language of the statute is susceptible of no other construction than that for which it contends, and that, according to the rule laid down in Turner v. Cross, 83 Texas, 318, such construction must be accepted as indicating the intention of the Legislature. The soundness of the rule of law insisted upon is unquestioned, but we can not concur in the contention that the language of said article is capable of no other construction than that proposed. The act provides that "causes of action upon which suit * * * may hereafter be brought by the injured party for personal injuries other than those resulting in death," shall not abate by reason of the death of such party. This language may be construed to mean that it was the intention of the Legislature to provide against the abatement of causes of action upon which the injured party had the right to· sue.

That construction should be adopted which is in harmony with the intention of the Legislature as disclosed by a consideration of the entire act, keeping in view the old law, the evil, and the remedy.

The act, as originally passed, was entitled: "An act to provide for the survival of causes of action for personal injuries other than those resulting in death, and for the enforcement thereof." Acts 1895, chap. 89. It will be observed that in the caption of the act the purpose of the law is declared to be to provide for the survival of such causes of action, and not to prevent the abatement of suits brought thereon.

In the body of the act it is provided that the cause of action shall not abate, and that the cause of action shall survive, nothing being said about the abatement or revival of suit brought on such cause of action. The act, considered as a whole, shows that the cause of action was the subject with which the Legislature was dealing, and forbids the construction that it was intended simply to prevent the abatement of suits

brought on such causes of action by the injured party in his lifetime. At the time the act in question was passed, causes of action for injuries not resulting in death did not survive to the heirs of the injured party, but abated upon his death. By the policy of the common law, such causes of action were considered as being so purely personal in their nature that they ought to be held to die with the injured party and constitute no part of his estate. The Legislature considered this condition of the law as an evil and passed the aforesaid act as a remedy therefor. Clearly, the principal question before the Legislature was whether the policy of the common law should be adhered to, or a new policy at variance therewith adopted and followed. A conclusion adverse to the wisdom of the old policy was reached and the bar against the survival of such causes of action removed.

It was within the power of the Legislature to have provided only for the survival of such causes of action as had been sued on by the injured party, but such an act would have been a legal anomaly. We know of no case in the history of legislation where this has been done. Many of the States have abrogated the common law rule in these cases, but in none of them is the survival of the cause of action made to depend on the bringing of suit thereon by the injured party in his lifetime. If our Legislature had intended to adopt a policy at variance both with that of the common law and that of the States which had repudiated the rule at common law, such intention would have been manifested in no uncertain and doubtful way.

In Railway v. Miller, 21 Texas Civil Appeals, 609, it was held that a transfer, by the injured party, before suit brought, of a cause of action for personal injuries not resulting in death, was legal and binding. The holding can be sustained only on the theory that the survival of the cause of action did not depend on the bringing of suit thereon by the injured party in his lifetime. The point here involved is in effect decided in that case. Our conclusion is that the contention of appellant is without merit, and that, under article 3353a, Revised Statutes, 1895, the cause of action sued on herein did not abate upon the death of Moore.

At the time of the accident Moore was an engineer in the employ of appellant and had been so employed for four or five years. As such engineer he made a daily trip from Cleburne to Weatherford and return, and did the necessary switching in the yards at Weatherford. On the day of the accident, while he was pulling his train very slowly along in the yards at Weatherford, he heard something rattling under the engine. Without stopping the train, he got off the engine and down on the ground beside it for the purpose of looking under the engine to see what was the matter. After he had made the necessary inspection, he started to get back on the engine. Just as he placed his foot on the step the engine struck a place in the track where there was a short rail, which was not properly joined to the other rails, thereby making some low joints and an uneven track, on account of which condition of the track

the engine gave a lurch, causing Moore to lose his footing. He fell and was caught under the wheels of the engine, his leg being crushed and mangled to such extent as to necessitate amputation.

Appellant requested the court to charge the jury that if its track along its line of road from Cleburne to Weatherford and in the yards at Weatherford was in a bad condition and the fact was known to Moore, or if in the ordinary discharge of his duties he must have known it, then he assumed the risk of injury on account of the condition of the track even if he did not know of the particular defect which caused the accident. The court refused to give the requested charge. There was no attempt to show that the track of the Weatherford branch of appellant's road was in a general bad condition, thereby rendering it unsafe and dangerous to operate a train over it. The testimony as to the bad condition of the track was confined, practically, to the very point of the accident. It was not shown that there was another short rail on the entire line of road, nor that there were any other joints in such condition as to render it hazardous to run a train over same. No other accident is shown to have occurred in the yards or near the place where Moore was injured. The conductor of the train in question had served in that capacity for years, and had never noticed the short rail or the defective joints. In this state of the evidence the requested charges were properly refused. Moore could not be held to have assumed the risk of an unknown defect in the track, unless the general known condition of the track was such that he ought to have anticipated the existence of the particular defect. It is clear that the evidence presents no such case.

Appellant requested a special charge which was refused, to the effect that if the track at the point of the accident was defective and such condition was patent and open to ordinary observation, and Moore knew the condition of the track, or in the ordinary discharge of his duties must have known thereof, and voluntarily continued in the service of appellant, he assumed the risk of injury on account of such defect, and the plaintiffs could not recover. The court instructed the jury, in substance, that Moore, when he entered the service of appellant, had a right to rely on the assumption that the track was in a reasonably safe condition and was not required to see whether it was or not; that he did not assume the risk arising from the failure of appellant to use ordinary care to keep the track in a reasonably safe condition, but that if the track at the point of the accident was defective or unsafe and if Moore knew that fact, or if in the ordinary discharge of his duties as engineer he must necessarily have acquired such knowledge, then in such case he assumed all the ordinary risks incident to attempting to mount the engine under the circumstances; that if the track at said point was defective, unsafe, and dangerous, and Moore, at or before the time of his injury, knew the fact, or if in the ordinary discharge of his duties as engineer must necessarily have acquired such knowledge, and nevertheless attempted to mount the engine in the manner he did and

was thereby injured, then the jury should find for the defendant, even though the defendant may have been negligent in failing to repair the track or to have it in reasonably safe condition. The charge follows a long line of approved precedents. It is in almost the exact language of the law as announced in Railway v. Hannig, 91 Texas, 347. It rendered unnecessary the giving of the requested charge. The only criticism of the charge which requires notice is that which questions its correctness on the ground that it was Moore's duty as engineer to keep a lookout, and that he was therefore bound to use ordinary care to learn the condition of the track, and could not rely on the assumption that the track was in a reasonably safe condition. The proposition is untenable. Moore had a right to suppose that the company had performed its duty to use ordinary care to have the track in a reasonably safe condition, and while he was bound to keep a lookout in order to secure the safety of his train, the lookout was not kept for the purpose of ascertaining whether the company had performed its duty, but for obstructions on the track and for conditions which the care of the company could not provide against. He was not a track inspector, and appellant owed him the duty to use ordinary care to furnish him with a reasonably safe track to run over. He had a right to presume that the company has discharged its said duty and did not assume the risk of its failure to do so.

The court charged the jury fully and correctly upon the issue of contributory negligence. In submitting this issue the court did not, as contended by appellant, require the jury to find that the act of Moore in attempting to mount the engine, if the same was negligent, was the proximate cause of the injury, and did not therefore violate the rule laid down in the Roland case, 90 Texas, 365.

Appellant complains of the admission, over its objections, of testimony to the effect that before the accident Moore's disposition was pleasant, bright, and sunny, and that after he was injured he was depressed in spirits and melancholy. The evidence was admissible as tending to show that he suffered physical pain and mental anguish on account of his injuries. The charge of the court did not permit the jury in assessing damages to allow anything on account of his depression and melancholy.

Appellant contends that the appellees, if entitled to recover at all, could not recover for the physical pain and mental anguish suffered by Moore up to the time of his death. By the terms of the statute the entire cause of action, and not merely a part thereof, survived to Moore's heirs, and the contention must be held to be without merit. Rev. Stats., art. 3353a; Busw. on Pers. Inj., sec. 20.

Appellees were permitted, over the objections of appellant, to prove that when Moore was seized with the sickness which resulted in his death he called in a physician, who examined and prescribed for him; that he told the physician, in response to questions propounded as a basis for treatment, that he suffered pain in his side and had so suf-

fered ever since he was injured. The information was sought by the physician in order to enable him to properly diagnose the case, and the court correctly permitted him to state the same to the jury as a part of the facts upon which he based his opinion as an expert as to the cause of death. Railway v. Rose, 49 S. W. Rep., 133. The testimony was admissible for the purpose indicated, and appellant did not ask a special charge instructing the jury that it should be considered only for the purpose for which it was admitted.

The verdict was not excessive, and there being no error in the judgment, it is affirmed.

*Affirmed.*

ON REHEARING.

Appellant's motion for a rehearing is accompanied by an able argument in support of the contention that we erred in holding there was no error in the action of the trial court in admitting the testimony of Dr. Yater, the physician who treated Moore in his last sickness, to the effect that Moore stated to him that he had suffered pain in his side from the time he was injured. There is a bill of exceptions in the record which shows that Dr. Yater, who was called to treat Moore in his last sickness, was permitted, over the objections of appellant, to testify that Moore, in response to a question propounded by him, said he had suffered from a pain in his side from the time he was injured. This bill was approved by the trial judge with the explanation that the evidence was admitted on the issue as to whether the injury caused Moore's death. We find on re-examining the question that the statement of facts which was agreed to by the parties does not contain any such testimony as that shown by the bill of exceptions to have been admitted. In this state of the record the statement of facts will control, and the assignment of error based on the bill of exceptions should not be considered. Scott v. Childers, 60 S. W. Rep., 776, and cases there cited. It follows that it was unnecessary for us to decide whether the evidence was properly admitted, and what we have said on that point may be regarded as dictum.

As bearing upon the correctness of our holding, see Wharton's Evidence, section 268, where it is said: "So when the nature of a party's sickness or hurt is in litigation, his instinctive declarations to a physician or nurse, during such sickness, as to the cause of the sickness, his object being to explain his symptoms, may be received as part of the testimony, and explanatory of the conclusions of such physician or nurse. * * * Declarations to prove past pain have also been held admissible when made to a physician or nurse for the purpose of enabling him to form his opinion of the case. But this exception should be jealously guarded, and such declarations ought to be rejected when self-serving; and declarations of pain made to a physician have been rejected where their object was to post him for testifying." See also Barber v. Mer-

riam, 11 Allen, 324; Quaife v. Railway, 48 Wis., 524; Railway v. Nevill, 104 Ind., 271. It is shown by the evidence in this case that Dr. Yater was called to treat Moore when he was seized with the sickness which caused his death, and it appears from the bill of exceptions quoted above that the statement complained of, to the effect that Moore had suffered with a pain in his side from the time he was injured, was brought out by a question propounded by the physician as a basis for treatment. At the time the statement was made, if it was ever made, Moore was very sick and was suffering intense pain. No suit was pending, nor, so far as we can judge, was contemplated. It was shown by the uncontradicted evidence of other witnesses that Moore had complained of pain in his side, continually, from the time of the accident up to the time of making the alleged statement. These remarks are made to elucidate and explain what was said in the original opinion, and we do not desire to be understood as deciding whether the statement made by Mr. Moore to Dr. Yater, if made at all, was admissible.

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.