# OCTOBER, 1927

NORWICH UNION INDEMNITY CO. v. MRS. HOMER SMITH ET AL.

No. 4751.   Decided October 12, 1927.

(298 S. W., 403).

*Spell, Norman & Penland,* for appellant.

The Employers' Liability Act expressly fixes the amount of compensation to be allowed under the facts in a particular case and also makes provision for the payment of the attorney fees of claimants out of the amount of such compensation, and it was error for the court to allow a fee to one of the attorneys herein as guardian ad litem of the minors in addition to the compensation fixed by the Employers' Liability Act as determined by the jury and taxing such fee as a part of the costs in the case and adjudging such costs, including such fee against the indemnity company.

The allowance of attorney fees is fixed by the Workmen's Compensation Act, Art. 8306, Sec. 7c of the Revised Civil Statutes of 1925.

Under the provisions of this section it is apparent that it was intended to allow attorney fees out of the amount recovered. To allow an attorney fee, as was done in this case, beyond the total amount of compensation, to which the claimants were entitled, would have the effect of increasing the amount of compensation fixed by the statute.

Art. 2159, which provides "when a minor, etc., may be a defendant to a suit and such minor, etc., has no guardian within the State, the court shall appoint a guardian ad litem for such purpose for the purpose of defending the suit and allow him a reasonable fee for his services to be taxed as a part of the costs," has no application to a case of this kind, for the reason that these claimants are only nominally defendants. On appeal from the Board the case is tried de novo and the claimants are required to make out their case affirmatively as plaintiffs. Accordingly the suit is prosecuted by Mrs. Homer Smith for herself and for the benefit of said minors.

Even if Art. 2159 should be held applicable to this character of suit, it still could be made entirely consistent with the Workmen's Compensation provision if the amount allowed to the guardian ad litem should be decreed out of the amount of recovery of compensation, so that the total compensation recovered would not exceed the amount fixed by the compensation law; but in the case at bar the court allowed not only the total amount of compensation allowed by law, but added to this a sum for attorney's fees that he taxed as a part of the costs. It is true that in Consolidated Underwriters v. Saxon, 250 S. W., 447, it was held that it was proper to allow the guardian ad litem a fee to be taxed as costs. It will be observed that in this case the insurance company requested the court to appoint the guardian ad litem. This case was reversed by the Supreme Court in 265 S. W., 143, on another point.

*Pat M. Neff* and *Joseph W. Hale,* for appellees.

We submit that such action on the part of the trial court was in strict conformity with the provisions of the statute, and was in keeping with the only decision which we have been able to find on this point, and that is the Saxon case, cited by appellant.

Mr. Judge BISHOP delivered the opinion of the Commission of Appeals, Section A.

This is a certified question from the Court of Civil Appeals for the Tenth District under statement as follows:

"This suit was instituted by appellant, Norwich Union Indemnity Company against Mrs. Homer Smith and her two minor daughters to set aside an award of compensation which had been made to them by the Industrial Accident Board on account of the death of Homer Smith, the husband of Mrs. Smith and father of her two minor daughters. The petition as filed by appellant to set aside said award alleged that the two daughters were minors, and all the defendants were cited as required by law. The attorney for Mrs. Smith suggested to the trial court that two of the defendants were minors and that they did not have any legally appointed guardian, and suggested to the court that an attorney ad litem should be appointed to represent said minors. The trial court appointed Jos. W. Hale, Esq., an attorney at the Waco bar, to represent the two minors, and thereafter he and the attorney for Mrs. Smith filed a joint answer and cross action, seeking a judgment against the insurance company by reason of the death of Homer Smith, which they claimed was occasioned by a compensable injury which they alleged he had received.

"The cause was tried to a jury and resulted in a verdict being rendered for Mrs. Smith and her two daughters against the insurance company for a total sum of $5,761.51. One-half thereof, or $2,880.70, was apportioned to Mrs. Smith and one-fourth thereof, to-wit, $1,440.35, was awarded to each of the two minor daughters, which was the same amount that had been awarded by the Industrial Accident Board. The trial court taxed as part of the costs of the suit, to be paid by appellant, $350.00 as an attorney's fee for Joseph W. Hale, Esq., who had been appointed by the court as attorney ad litem for said minors. Appellant has assigned error to the action of the trial court in awarding the attorney's fee.

"The cause has been submitted in this court and is now under consideration, and there is a difference of opinion between the members of this court as to whether an attorney appointed to represent minors in a suit brought by an insurance company to set aside an award which has been made to them by the Industrial Accident Board, is entitled to have his attorney's fees taxed as part of the costs, where, as in this case, he recovers a substantial amount for the minors to be paid by the insurance company. The only time this question, so far as we have been able to find, has been before the court was in the case of Consolidated Underwriters v. Saxon, 250 S. W., 447, where an attorney's fee of $50.00 was approved. This case was re-

formed and affirmed by the Supreme Court (265 S. W., 143), but the question of attorney's fees is not discussed in the opinion as rendered by the Supreme Court. By reason of the importance of the question involved, and because of the difference in opinion between the members of this court as to whether the attorney's fee was a proper item to be taxed as costs against the insurance company, appellant, we certify to the Supreme Court for its determination upon the facts hereinbefore set out, the following question :"

The question certified is:

"Did the trial court err in taxing as part of the costs to be paid by appellant, Norwich Union Indemnity Company, a reasonable attorney's fee for the attorney ad litem who had been appointed to represent said minors in this suit?"

Art. 2159, Rev. Civ. Stats., 1925, is:

"When a minor, lunatic, idiot, or a con compos mentis may be a defendant to a suit, and such minor, lunatic, idiot, or person non compos mentis, has no guardian within the State, the court shall appoint a guardian ad litem for such person for the purpose of defending the suit, and allow him a reasonable fee for his services, to be taxed as a part of the costs."

Mrs. Smith and her two minor daughters had secured an award of compensation against appellant before the Industrial Accident Board This compensation had been fixed by the award in a manner provided by statute, and this suit was filed by appellant for the purpose of setting aside this award and securing relief from the obligation of paying the compensation fixed thereby. This being the purpose of the suit, the minors were defendants in contemplation of this article. Under its provisions, the court was required to appoint a guardian ad litem for the minor defendants "and allow him a reasonable fee for his services, to be taxed as part of the costs." On trial the minor defendants were successful in defeating appellant's efforts to set aside the award of the Industrial Accident Board, and by the provisions of Art. 2056 were entitled to recover of their adversary all costs incurred in the suit. The fact that the minors have obtained an award for a substantial amount before the Industrial Accident Board furnished the court no reason for denying judgment against their adversary for costs incurred in their behalf by the appointment and services of the guardian ad litem. In this case recovery of the amount awarded was necessary to the recovery of a reasonable attorney's fee as part of the costs. Had the amount of their recovery been less than it was, they would not have been entitled to recover

this, nor any other item of costs in the case. It was the substantial amount of the recovery had that gave them their right to have judgment against appellant for this item of costs. Secs. 7c and 7d of Art. 8306 make no reference and are not applicable to the question of costs or reasonable fees of guardians ad litem in suits against minors. While our Workmen's Compensation Act fixes the amount to be paid claimants and provides for the payment of fees to attorneys representing claimants before the Industrial Accident Board, it does not purport to modify or repeal the general statutes of this State in regard to costs of court in case litigation should result from a refusal to abide by an award of the Board. We are of opinion that the courts are not warranted in ascribing to the legislature an intention to ingraft upon Art. 2159 an exception which would relieve the trial court of the duty to either appoint a guardian ad litem or to allow a reasonable attorney's fee as costs.

We agree with the holding of the Court of Civil Appeals in the case of Consolidated Underwriters v. Saxon, cited in the foregoing statement on this question, and recommend that the question certified be answered in the negative.

The opinion of the Commission of Appeals answering certified questions is adopted, and ordered certified.

*C. M. Cureton,* Chief Justice.