### NORWICH UNION INDEMNITY CO. v. SMITH et al.   (No. 422.)*

Court of Civil Appeals of Texas. Waco.
Nov. 17, 1927.

Rehearing Denied Dec. 22, 1927.

1. Evidence ☞126(2)—Painter's statements that he had fallen, made within hour after accident, held res gestæ.

Where painter, working on roof alone, was found in semidazed condition, his statements that he had fallen, made from 40 minutes to an hour after accident, held admissible.

2. Witnesses ☞128—Physicians' testimony that painter told them that he had fallen held admissible, in compensation case, to show basis of professional opinions.

Testimony of physicians that injured painter told them several weeks after injury that he had received a fall held admissible, in compensation case, to show basis of professional opinions, since physician should be permitted to testify to subjective symptoms as well as objective symptoms on which he bases his opinion.

3. Master and servant ☞417(8)—Admitting testimony, in compensation case, respecting statements of injured painter, if error, held harmless, where appellant's witnesses testified to similar statements.

Admitting testimony of physicians and others, in compensation case, that injured painter had told them that he had received a fall, if error, held harmless, where two witnesses for appellant each testified without objection to similar statements of deceased.

4. Master and servant ☞420—Where minors' guardian ad litem successfully defended suit to set aside award of compensation, taxing $350 attorney's fee for him against insurance company held not error.

Where insurance company sued to set aside award of workmen's compensation, and guardian ad litem appointed by court for minor defendants successfully defended, and obtained award for full amount allowed by statute, taxing $350 attorney's fee for him against insurance company held not error.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit to set aside award of workmen's compensation, brought by the Norwich Union Indemnity Company against Mrs. Homer Smith and others. From a judgment in favor of defendants, awarding compensation, plaintiff appeals. Affirmed.

For opinion of Supreme Court on certified question, see 298 S. W. 403.

Spell, Naman & Penland, of Waco, for appellant.

Pat. M. Neff and Jos. W. Hale, both of Waco, for appellees.

BARCUS, J. This suit was brought by appellant against appellees Mrs. Smith and her two minor daughters to set aside an award of compensation which had been made to them by the Industrial Accident Board. The trial court appointed Joseph W. Hale, Esq., to represent the minor defendants. The cause was tried to a jury, submitted on special issues, and resulted in a verdict being rendered for appellees for a lump sum settlement, one-fourth of the amount being awarded to each of the minor defendants and one-half to Mrs. Smith.

[1] It appears from the record that Homer Smith, the deceased, was a painter, and while working for a contractor, and alone, painting a roof, he was heard to call to those on the ground below. When they reached him he was lying on his side on a roof jack in a semidazed condition and appeared to be suffering intensely in his chest. He was taken from the roof of the building, placed in an automobile, and carried to his residence about a mile and a quarter distant, and put to bed and a doctor hurriedly summoned. The workmen who carried Mr. Smith to his home, as well as the members of his family, testified that he seemed to be suffering intense agony, and was not able to talk much, and that he seemed to be in a dazed condition. He told the doctor that he had fallen, and made the same statement, in substance, to his daughter and mother-in-law, who were in the house at the time. All of said state-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted.

ments as to how he had been injured were made to the respective parties within from 40 minutes to an hour after the accident.

Appellant, by a number of assignments, complains of the action of the trial court in permitting the witnesses to testify to said facts. There have been almost numberless opinions written on this question, and the weight of authority seems to be that any statements by a party who is injured made immediately thereafter or in close proximity thereto are properly admitted in evidence as part of the res gestæ. We think the evidence of which complaint is made comes within this rule, and we' overrule said assignments. Dallas Hotel Co. v. Fox (Tex. Civ. App.) 196 S. W. 647; Id., 111 Tex. 461, 240 S. W. 517; H. & T. C. Railway Co. v. Shafer, 54 Tex. 641; Texas & P. Ry. Co. v. Barron, 78 Tex. 421, 14 S. W. 698; M., K. & T. Ry. Co. v. Sanders, 12 Tex. Civ. App. 5, 33 S. W. 245; M., K. & T. Ry. Co. v. Robertson (Tex. Civ. App.) 200 S. W. 1120.

[2, 3] Appellant, by a number of assignments, complains of the action of the trial court in permitting the witnesses Dr. Smith and Dr. Collins to testify that the deceased told them several weeks after the injury that he had received a fall. It appears from the record that Dr. Smith was the family physician and at the time of the injury he could not be found, so another doctor was called in on the emergency case. A few weeks thereafter the family sent for Dr. Smith, their family physician, and, after consulting with the physician who had been waiting on the case, he took charge thereof, and in his examination of deceased, and for the purpose of making a correct diagnosis, inquired of the deceased as to the cause of the trouble, and was told that a few weeks before he had received a fall. Appellants placed Dr. Collins on the stand as a witness, and he testified in detail to the examination which he made of the deceased and with reference to the X-ray pictures that he had taken, and stated all of the objective symptoms which he saw and observed. He testified that in order for a physician to make a correct diagnosis of a case it was necessary for him to take into consideration the objective (the things he saw) and the subjective (the information furnished by the patient) symptoms. The weight of authority seems to be that a physician should be permitted to testify to both the subjective as well as the objective symptoms on which he bases his professional opinion, and we think the testimony given by said physicians was admissible. M., K. & T. Ry. Co. v. Rose, 19 Tex. Civ. App. 470, 49 S. W. 133; G., C. & S. F. Ry. Co. v. Moore, 28 Tex. Civ. App. 603, 68 S. W. 559; G., C. & S. F. Ry. Co. v. Brown, 16 Tex. Civ. App. 93, 40 S. W. 608; St. L., S. W. Ry. Co. v. Freedman, 18 Tex. Civ. App. 553, 46 S. W. 101; Texas Indemnity Ins. Co. v. Wilson (Tex. Civ. App.) 281 S. W. 289. If we should be wrong in both of our above holdings with reference to the testimony, we think its admission was harmless, because Dr. Harrington and B. A. Florio, witnesses for appellant, each testified, without objection, that the deceased told them that he had received a fall which caused the injury.

[4] Appellant assigns error to the action of the trial court in taxing as part of the costs to be paid by appellant a $350 attorney's fee for the guardian ad litem appointed by the trial court to represent the minor defendants. Appellees filed their claim with the Industrial Accident Board and were awarded compensation for the full amount allowed by statute. Appellant appealed from said award and filed this suit against Mrs. Smith and her two minor children to set the same aside. On the trial of this cause in the district court appellees recovered judgment for the same amount as that awarded them by the Industrial Accident Board. There having been some doubt in the minds of some of the members of this court as to the right of the trial court to tax an attorney's fee as costs, this question was certified to the Supreme Court, and said court, in answer to said question, held contrary to appellant's contention. Norwich Union Indemnity Co. v. Smith (Tex. Com. App.) 298 S. W. 403. We therefore overrule said assignment.

Appellant, by a number of assignments, attacks the findings of the jury as being unsupported by the evidence. We think all of the issues answered by the jury were supported by the testimony, and said assignments are therefore overruled.

Appellant, by a number of assignments, complains of the argument of appellee's counsel to the jury. We have examined each of these, and do not think any of them show reversible error, and same are overruled.

We have examined all of appellant's assignments of error and same are overruled.

The judgment of the trial court is affirmed.