## CONSOLIDATED UNDERWRITERS v. STRAHAND.

### No. 2973.

Court of Civil Appeals of Texas. Beaumont. July 11, 1936.

Rehearing Denied July 20, 1936.

See, also, 82 S.W.(2d) 1058.

C. A. Lord, of Beaumont and J. B. Forse, of Newton, for appellant.

Howth, Adams & Hart, of Beaumont, and E. A. Lindsey, of Newton, for appellee.

O'QUINN, Justice.

This is a compensation case. Wier Long Leaf Lumber Company was the employer, appellee, Kinzie Strahand, the employee, and appellant, Consolidated Underwriters, the insurer.

This suit grew out of the following facts: On July 11, 1932, while in the course of his employment as a log cutter for the Wier Long Leaf Lumber Company, in Newton county, Tex., appellee received an injury of which he gave personal notice to his employer on July 13, 1932, and also informed Dr. F. E. McAlister, the company physician, and, in accordance with the usual procedure, this notice and information was given appellant, the insurance carrier, by the employer. Appellee was treated by Dr. McAlister for several weeks, and on August 17, 1932, at the request of appellee, he was permitted to return to work. At this time appellant, having had notice of the injury, and recognizing its liability to appellee for compensation, on August 20, 1932, paid to appellee the sum of $33, that being $1 per day for the time he was not working because of his injury, or $7 per week, that being the weekly wage he was entitled to under the Compensation Law, taking receipt reciting that it was in full settlement of compensation for all injuries sustained by appellee on July 11, 1932. This receipt was filed with the Industrial Accident Board on August 21, 1932. When appellee returned to work August 17, 1932, he did the same kind of work as before the injury, and received the same rate pay. He worked 7 days in August, 12 days in September, 11 days in October, and 1 day, the 1st, in November. The sawmill was not running regularly at that time—only a few days per

week. On November 2d he did not work, and, according to the record, has not worked any since, claiming that he was then, and ever since has been, totally disabled by reason of the injury received by him on July 11, 1932. On December 19, 1932, appellee filed notice of his injury and his claim with the Industrial Accident Board for compensation for total and permanent disability occasioned by the injury received by him on July 11, 1932. December 14, 1933, the board made its award and ruling on said claim, refusing same on the ground that appellee failed to show that his disability for which the instant claim was made was the result of the injury received by him on July 11, 1932. To this ruling appellee excepted, and duly gave notice that he would not abide same and would appeal same by filing suit in the proper court where the injury occurred, and did duly file this suit in the district court of Newton county, Tex., to set said award aside and to recover compensation.

Appellee in his petition made the usual and necessary allegations in suits of this nature to entitle him to recover. Appellant answered by general demurrer, general denial, and specially (a) that, if appellee received an injury on July 11, 1932, it was but slight and had no lasting effect, and that he recovered from such injury and returned to work on August 17, 1932, and was able to and did perform the same character of work and received the same pay as before said injury, and continued to work until November 1, 1932; (b) that, if appellee was incapacitated to work, his incapacity or disability was not due in any degree to any injury received by him on July 11, 1932, but such disability, if any, was due solely to diseases existing wholly independent of any injury, if any, he received (naming the diseases or afflictions) on July 11, 1932, and that such injury, if any, in no way produced said diseases; (c) that appellee represented to it (appellant) that he received an injury on July 13, 1932, and that he was disabled for a period of 33 days, and that appellant paid him $33 in full compensation for said injury and disability on August 20, 1932, after he (appellee) had returned to work, for which appellee then executed and delivered to appellant his receipt acknowledging same as in full compensation for the disability caused by said injury; and (d) that, when appellant paid to appellee said sum of $33 compensation, appellee represented to appellant that his incapacity caused by the injury of July 11, 1932, had fully terminated, and that he had returned to his former employment, which he continued to discharge until November 1, 1932.

The case was tried to a jury upon special issues upon the answers to which judgment for appellee was rendered in the sum of $2,659.80 to be paid in a lump sum. From that judgment appellant brings this appeal.

Appellant's first assignment is that the court erred in rendering judgment for appellee because no notice had been given by appellee to the employer, the Industrial Accident Board, or the insurer, appellant, of any injury received by him in July, 1932, or that he was claiming compensation for such injury, until December 19, 1932, some 50 days after he ceased work, which in law was not notice, wherefore the Industrial Accident Board had no jurisdiction to pass upon the claim, and the trial court acquired no jurisdiction by the filing of the suit.

■ This contention is based upon the facts that the injury occurred on July 11, 1932, which kept appellee from work until August 17, 1932, when he returned to work, and for which appellant paid to appellee the sum of $33 as compensation at the rate of $7 per week; that appellee, as stated in the early part of this opinion, worked several days in August, several in September, and October, and also worked the 1st day of November, when he ceased to work; that no further notice was given by appellee of his injury or incapacity resulting from same until December 19, 1932, when appellee filed notice and claim with the Industrial Accident Board. In other words, under the facts stated, it is contended that appellee "entirely failed to show that he gave notice of the injury and incapacity on which his claim for compensation" is based. The assignment is overruled. The undisputed evidence shows that appellee did receive an injury on July 11, 1932; that he reported this injury to his foreman, and also to the doctor of his employer; that he was treated for his injury by the company doctor, and that the injury was reported to appellant; that appellant recognized its liability, and, when appellee returned to work on August 17, 1932, it paid him $33 compensation because of incapacity resulting from the injury. It then had actual knowledge of the injury appellee had received.

The evidence further plainly showed that, when appellee returned to work on August 17, 1932, he was not physically able to

further perform the duties he had before the injury, and that his fellow workers frequently assisted him in doing his work; that he continued to try to work until November 1, 1932, when his condition was such that he did not work on November 2, 1932, and has not worked at any job for any person or company since. After ceasing to work on November 2, 1932, appellee filed with the Industrial Accident Board notice of his injury of July 11, 1932, and his claim for compensation for total and permanent disability. This claim was rejected by the board, not because proper notice had not been given, but because the board did not think the claim for incapacity after November 1, 1932, was supported by sufficient proof. The insurer (appellant) having had notice—actual knowledge—of appellee's injury occurring on July 11, 1932, and the claim for compensation for total and permanent incapacity resulting on November 2, 1932, from the same identical injury, further or additional notice of the injury was not required. When the insurer once has proper notice of an insured employee's injury and makes what it deems satisfactory investigation as to the reported injury, and finds same to exist, and admits its liability for compensation for incapacity caused by the injury and pays same, and afterwards claim for additional compensation for incapacity resulting from the same injury is made, no further notice of the injury is required, for the insurer has had notice and opportunity of investigating the same, and further notice would not add to any right of appellant, nor the lack of such additional notice would not detract from, or lessen, its rights relative thereto. Texas Employers' Ins. Ass'n v. Lovett (Tex.Civ.App.) 19 S.W.(2d) 397 (writ refused); Maryland Casualty Co. v. Stevens (Tex.Civ.App.) 55 S.W.(2d) 149.

■ The second and third assignments insist that the court erred in finding in his judgment, in effect, that appellee sustained an accidental personal injury on July 11, 1932, and that notice of said injury was given and claim made for compensation in accordance with the provisions of the Workmen's Compensation Law of Texas (Vernon's Ann.Civ.St. art. 8306 et seq.), because no special issue as to notice was submitted to the jury, and none requested to be submitted, and, notice being a determinative issue, the court was without authority to make such finding, and, such issue not having been given in charge to the jury, and none requested, appellee had waived same,

and further that there was no evidence to support such finding.

These assignments are overruled. That appellee gave notice to his foreman of his injury, and also to the company doctor, and that such notice was given by the employer to appellant, and that appellant, with such knowledge, recognized its liability and paid compensation for 33 days to appellee, is undisputed. That being true, there was no necessity for the submission of the issue of notice to the jury, for undisputed facts should not be submitted to a jury for a finding. Speers' Law of Special Issues, § 35, p. 45; Id. § 163, p. 211, and cases cited. Under the undisputed facts, the court was authorized to make the findings.

We overrule appellant's assignment that the jury's finding that the injury sustained by appellee on July 11, 1932, resulted in total and permanent disability is without support in the evidence. We have carefully inspected and considered all of the evidence, and, without incorporating any portion of same herein, say that we think it amply supports the finding of the jury.

■ The assignment that the court erred in denying appellant's exception to the court's charge because it did not submit a special issue as to whether appellee's incapacity, if any he had, after August 17, 1932, had been partial, is overruled. The court in his main charge submitted issues to the jury which covered the matter complained of by appellant. These issues and the answers were: (a) That appellee's injury resulted in total incapacity; (b) that such incapacity has been continuous; (c) that said incapacity was permanent; (d) that appellee had not on August 17, 1932, recovered from the incapacity resulting from the injury; (e) that appellee would not recover from such incapacity; and (f) that appellee's incapacity resulting from his injury was not partial. These issues fully met and covered the matter complained by appellant.

■ Special issue No. 4, submitted to the jury, read: "Do you find from a preponderance of the evidence that such total incapacity, if any, of Kinzie Strahand to work and earn money is permanent?" Appellant objected and excepted to this issue because it was on the weight of the evidence, and was calculated to lead the jury to believe that the court was of the opinion that such total incapacity existed at the time of the trial, since such incapacity could not be permanent unless it (then) existed.

The assignment is overruled. We cannot conceive of any more appropriate wording of the issue. Nor can we conceive how it was calculated to lead the jury to believe that the court, by the submission of the issue so worded, was of the opinion that the total incapacity, if any, was permanent. Appellant cites us to the case of Great American Indemnity Co. v. Russell (Tex. Civ.App.) 63 S.W.(2d) 402, as sustaining its contention. It appears to do so, but the Supreme Court granted a writ of error against the holding and reversed the judgment of the Court of Civil Appeals, and affirmed that of the trial court. Russell v. Great American Indemnity Co., 94 S.W. (2d) 409.

■ By its seventh and eighth assignments, appellant complains that the court erred in permitting Fletcher Byerly and Columbus Hunter, witnesses for appellee, to testify, over its objection, that appellee told them at the close of the day's work on July 11, 1932, while they were waiting for the train at a place more than a mile distant from where the purported accident occurred, that he received an injury on that day (about 10:30 in the morning) when he ran to escape a falling limb and fell on a log injuring his side and breast. The objections to the testimony were that it was not res gestæ, was hearsay and self-serving. If it be conceded that the evidence was not res gestæ, and that it was hearsay and self-serving, still we do not believe that its admission was reversible error. It was shown without objection that on the second day after appellee says that he received his injury, July 13, 1932, he told his foreman about the injury, and on same day told the company doctor about the injury, and that the doctor examined him and had him to go to bed and treated him for some 3 weeks for the injury. The fact of the injury was reported to appellant, and it admitted its liability for compensation and paid appellee $33, that being $7 per week, the amount he was entitled to under the law. As we view the evidence, it is practically without dispute that appellee was injured on the date alleged, July 11, 1932. But in any event, the fact that he reported his injury to Dr. McAlister, the company doctor, and the doctor examined him and appellee made in substance the same statement to him as to how and when the injury occurred as he did to the witnesses Byerly and Hunter, whose testimony was objected to by appellant, and this testimony was elicited from McAlister

by appellant as its witness, if it could be said that the evidence challenged was not admissible, its admission would be harmless in view of the fact that appellant by its witness Dr. McAlister produced in substance the same evidence. Further, Dr. McAlister sent appellee to Dr. S. T. Wier at Beaumont for examination, and Dr. Wier, as a witness for appellant, testified that he examined appellee and took from him a history of the trouble and that appellee told him about the injury and how and when it occurred, which was in consonance with the statements as to the injury made to Byerly and Hunter and Dr. McAlister. These statements to Dr. McAlister and Dr. Wier were made by appellee after that made to Byerly and Hunter, and were offered by appellant. Appellant having offered by its own witnesses, in substance, the same testimony as that objected to offered by appellee, we think the testimony complained of should not be held objectionable, but, if so, it would be harmless error. Missouri, K. & T. Ry. Co. v. Rose, 19 Tex.Civ.App. 470, 49 S.W. 133 (writ refused). Moreover, the jury found that appellee was injured on July 11, 1932, by falling on a log, and appellant has not assigned error against this finding. The assignments all point to other questions relative to the injury and its results.

No reversible error appearing, the judgment is affirmed.