## FEDERAL UNDERWRITERS EXCHANGE v. CARROLL.

### No. 3495.

Court of Civil Appeals of Texas. Beaumont.

July 7, 1939.

Rehearing Denied July 19, 1939.

Claude Williams, Henry D. Akin, and Benbow, Saunders & Holliday, all of Dallas, for plaintiff in error.

1102

Phillips, Williamson & Smith, of Tyler, and H. A. Coe, of Kountze, for defendant in error.

O'QUINN, Justice.

This is a compensation insurance case. Federal Underwriters Exchange brought this suit against J. W. Carroll to set aside an award of the Industrial Accident Board of the State of Texas made in his favor. The grounds alleged for setting aside the award were that the award was "unjust and unfair and the same should be set aside and held for naught."

Defendant in error Carroll answered by general demurrer, general denial, and filed cross-action to recover compensation as for total and permanent incapacity at the rate of $20 per week. Plaintiff in error answered the cross-action by general demurrer, special exceptions to cross-plaintiff's petition, and general denial.

When the case was reached for trial, plaintiff in error took a non-suit and the cause proceeded to trial on the cross-action. The case was tried to a jury upon special issues upon their answers to which judgment was rendered in favor of defendant in error Carroll for total incapacity for a period of 208 weeks with compensation for said time at the rate of $20 per week. Motion for a new trial was overruled and we have the case on writ of error for review.

Plaintiff in error's brief presents 22 propositions based upon 36 assignments of error. The first eight propositions are presented grouped. They relate, in a general way, to the submission to the jury of special issues inquiring as to injuries suffered by defendant in error, and as to incapacity of defendant in error resulting from the injuries suffered by him, and to the failure of the court to submit an issue as to whether any of the disability of defendant in error was caused by a blow on his back after October 26, 1937, the date he alleged he received his injury. These propositions complain that the submission of the issues pertaining to the question of "injury" and "incapacity" were submitted too generally.

The issues questioned are Nos. 1, 2, 5, 6, 11, 15, and 21. They are (with the jury's answers):

"Special Issue No. 1. Do you find from a preponderance of the evidence that J. W. Carroll sustained an injury on or about the 26th day of October, A. D. 1937?" Answer: "Yes."

"Special Issue No. 2. Do you find from a preponderance of the evidence that such injury, if any, was a result of an accident?" Answer: "Yes."

"Special Issue No. 5. Do you find from a preponderance of the evidence that J. W. Carroll became totally incapacitated for work on account of the injury, if any, sustained by him, if he sustained any?" Answer: "Yes."

"Special Issue No. 6. On what date, if any, do you find from a preponderance of the evidence that said total incapacity, if any, began?" Answer: "October 29, 1937."

"Special Issue No. 11. Do you find from a preponderance of the evidence that J. W. Carroll sustained partial incapacity on account of the injury, if any, sustained by him?" Answer: "No."

"Special Issue No. 15. Do you find from a preponderance of the evidence that the injury, if any, sustained by J. W. Carroll was the producing cause of his incapacity to work, if any?" Answer: "Yes."

"Special Issue No. 21. Do you find from a preponderance of the evidence that no part of the disability of J. W. Carroll, if any, since October 26, 1937, is due to injuries sustained by him before October 26, 1937?" Answer "No part is due to prior injuries" or "some part is due to prior injuries." Answer: "No part is due to prior injuries."

■ As before stated, plaintiff in error excepted to these issues because, it insists, they were too broad and did not limit the jury in arriving at their answers, to the consideration of the particular injuries alleged by defendant in error to have been received by him on October 26, 1937, but permitted them to go outside of the pleadings and evidence. These objections were overruled. The assignments are without force. There was only one injury alleged, that of October 26, 1937. The injury alleged was one to defendant in error's back causing various injuries to several portions of his body, muscles, ligaments, tendons, spine, nerves, etc., with resultant effects, causing his total incapacity. The evidence offered related solely to this injury and its effects on his body. The court instructed the jury to determine the issues from a preponderance of the evidence. There is nothing in the record to indicate that such findings were not made from a

"preponderance" of the evidence. The jury found that defendant in error sustained the injury alleged; that it was received in the course of his employment; that because of this injury he suffered total incapacity, which total incapacity began on October 29, 1937; and that the injury received by him was the producing cause of his incapacity. None of these assignments point to any evidence of "outside" matters which the jury might have considered. No reference to the record is made of any such evidence. Nor do the assignments complain that the findings are not supported by the record. Furthermore, the jury found in answer to special issue No. 21 that no part of the disability of defendant in error was caused by injuries sustained by him prior to October 26, 1937, the date of the injury here involved.

In Southern Underwriters v. Kelly, Tex.Civ.App., 110 S.W.2d 153, a compensation case, Special Issue No. 1 was identical with Special Issue No. 1 in the instant case, and the objection that it was too general was there made as here. It was overruled, and application for writ of error was dismissed. This holding has support in Traders' & General Ins. Co. v. Line, Tex.Civ.App., 70 S.W.2d 787; Associated Indemnity Ins. Corp. v. Baker, Tex. Civ.App., 76 S.W.2d 153; Royal Indemnity Co. v. Neely, Tex.Civ.App., 80 S.W.2d 478. Others could be cited. If it could be said the form of the issues submitted was error it was harmless.

Plaintiff in error presents its ninth, tenth, eleventh, and twelfth propositions grouped. They relate to the question of coverage, that is whether or not defendant in error was an employee of the insured under the policy asserted. The policy of compensation insurance was issued by plaintiff in error to G. H. Vaughn—Individual, G. H. Vaughn Production Company and G. H. Vaughn Drilling Company, jointly. It is insisted that defendant in error was not shown to be covered by the policy—that an issue should have been submitted as to whether he was an employee of both G. H. Vaughn Individually and G. H. Vaughn Drilling Company. Defendant in error alleged that he was injured while in the course of his employment as an employee of G. H. Vaughn. The jury found that he did sustain his injury while so employed. There being but one policy of insurance, and it covering the employees of G. H. Vaughn, as well as the employees of G. H.

Vaughn Production Company and G. H. Vaughn Drilling Company, it would seem to cover all employees working in connection with G. H. Vaughn in either of the capacities. It nowhere appears that G. H. Vaughn, as an individual, worked or operated separately from the activities carried on by G. H. Vaughn Production Company or the G. H. Vaughn Drilling Company, but that the whole of the operations by Vaughn and said corporations were intermingled and operated as a whole. So that as we view the record, one working in any capacity for them would be working in connection with either or all of them. The assignments are overruled.

We overrule plaintiff in error's assignment that special issue No. 10 misplaced the burden of proof. Special Issue No. 10 reads: "Do you find from a preponderance of the evidence that the incapacity of J. W. Carroll, if any, is not partial? Answer 'it is not partial' or 'it is partial.'" The jury answered: "It is not partial." The objection to the charge was that "The burden of proof is incorrectly placed upon the defendant rather than upon the plaintiff." This exception was overruled, and this is assigned as error. We do not think that it can be said that instructing the jury to answer "It is partial," or "It is not partial" had the effect to put the burden of proof upon plaintiff in error. In Southern Ice & Utilities Co. v. Rich, 128 Tex. 82, 95 S.W.2d 956, 958, where the question of "unavoidable accident" was to be submitted, Judge Taylor, speaking for the Commission of Appeals, suggested that the form of the issue be: "'Do you find from a preponderance of the evidence that the collision in question was not due to an unavoidable accident?' and that the jury be instructed to answer either, that, 'It was due to an unavoidable accident,' or, 'It was not due to an unavoidable accident,' as it may find the facts to be." The charge here given was in accord with the suggested charge. In Traders & Gen. Ins. Co. v. Herndon, Tex.Civ.App., 95 S.W.2d 540, 541, this issue was submitted: "Issue 27 reads: 'Do you find from a preponderance of the evidence that plaintiff has not sustained partial incapacity by reason of such injuries, if any, of date August 9, 1933, you will answer this issue by "He has not sustained partial incapacity" or "He has sustained partial incapacity" as you find the facts to be.' This was answered: 'He has not sustained

incapacity.'" An objection to the issue that it wrongfully placed the burden upon the defendant was overruled. Application for writ was dismissed.

When the jury returned their verdict into court, the Judge inspected it and found that they had made conflicting answers. In answering special issue No. 5, they had found that defendant in error, Carroll, was totally incapacitated for work, and No. 6, that the total incapacity began October 29, 1937, and No. 8, that said incapacity would continue for 208 weeks. In answering special issue No. 10, they found that he was partially incapacitated; and No. 12, that said partial incapacity began on October 29, 1937, and No. 13, that such partial incapacity would continue for 208 weeks. Discovering this conflict the court refused to receive their verdict, and in a special charge to the jury in writing called their attention to the conflict, and ordered them to retire to the jury room and further consider their verdict in regard to the findings in conflict, and instructed them that they were free to change their answers to any of the issues as they saw fit, and then to return their verdict.

Plaintiff objected and excepted to the action of the court, and to the special charge given to the jury relative to the conflict in their answers, and urged that the court should not give any instruction in relation to the matter, other than to call attention to the conflict in the answers and to reconcile said conflict; that the special charge so given was tantamount to a directed verdict, was in the nature of a general charge, and was a comment on the weight of the evidence, and indicated to the jury the legal effect of their answers, and placed undue emphasis to the issues to which they had made conflicting answers, and prayed the court to give no other instructions to the jury than to advise them that their answers were in conflict and that they should retire and reconcile the conflict in their own way, or in the event such conflicting answers were not reconciled, in that event to declare a mistrial and discharge the jury. These objections and exceptions to the special charge were overruled. The fourteenth assignment presents this action of the court as error. There is no contention that the answers to the issues mentioned did not conflict. That they did is admitted, and that it was proper for the court to refuse the verdict and call the attention of the jury to the conflict and charge the jury, if they could, to reconcile the conflict. The assignment is overruled. The charge was not subject to the objections made. In Southern Underwriters v. Kelly, Tex.Civ.App., 110 S.W.2d 153, writ dismissed, a similar case involving the identical question, it was held that where the answers of the jury to special issues were in conflict, it was the duty of the trial judge to point out the conflict in the answers and require the jury to further deliberate, under proper instructions relative to the conflicting answers, and, if they could, to reconcile the conflict. See also: James A. Dick Co. v. Yanez, Tex. Civ.App., 55 S.W.2d 600, writ refused; Traders' & Gen. Ins. Co. v. Nunley, Tex. Civ.App., 80 S.W.2d 383, writ refused.

The fifteenth assignment challenges the admission of the testimony of Dr. Perry (testifying by deposition) wherein he testified that in his opinion the conditions of defendant in error were such as appeared to have been caused by an injury, and that these conditions were such as to disable him from doing manual labor, and that the conditions of plaintiff in error found by Dr. Perry were such as to cause intense pain. The objections to the testimony were that the opinion of the doctor was based, at least in part, on hearsay and selfserving declarations of the plaintiff and the history of the case given by the plaintiff. The objections were overruled. The testimony was admissible. The record discloses that plaintiff in error Carroll prior to filing his suit went to Dr. Perry for treatment and remained under his care and was still under his treatment at the time his deposition was taken. Dr. Perry knew from personal examinations, and treatment of his injuries, even while he was in the Baylor Hospital, the condition of plaintiff in error. Having repeatedly examined and treated the patient, and knowing the subjective symptoms, and having a history of the case, clearly removes him from the rule where a physician examines a person only for the purpose of testifying. We quote from 65 A. L.R. 1223: "The opinion of a physician or surgeon as to the condition of an injured or diseased person is not rendered incompetent by the fact that it is based upon the history of the case given by the patient to the physician or surgeon on his examination of the patient, when the examination was made for the purpose of the

treatment and cure of the patient." See also: Missouri K. & T. R. Co. v. Rose, 19 Tex.Civ.App. 470, 49 S.W. 133, writ refused.

Other assignments are presented, all have been considered and none of them show reversible error, and are overruled. If any show error it was harmless error.

The judgment should be affirmed, and it is so ordered. Affirmed.