COFFEE et al. v. BLAIR.

No. 13326.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 28, 1936.

Rehearing Denied April 10, 1936.

See, also, 55 S.W.(2d) 910.

Eckford & McMahon, of Dallas, and E. O. Northcutt, of Amarillo, for appellants.

Mann, Irion & Mann, C. C. Huff, and G. H. Penland, all of Dallas, for appellee.

BROWN, Justice.

Appellants, Glenn Coffee and W. G. Word, as real estate brokers, sued appellee, Wiley Blair, in the district court of Dallas county for a commission on the sale by Blair of a ranch to the W. T. Waggoner Estate, of Fort Worth, Tex., asserting that they were the procuring cause of the sale.

Appellee answered by appropriate pleading denying a right of recovery.

The cause was tried to a jury, and the court charged the jury, in part, as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that the acts of the plaintiffs were the procuring cause (as that term is hereinafter defined) of the sale of the ranch in question by Wiley Blair to the W. T. Waggoner Estate? Answer: No.

"By the term 'procuring cause,' as herein used, is meant that cause which, in a natural and continued sequence unbroken by any new independent intervening cause, produces the event, without which it would not have occurred; and, in order to render an agent the procuring cause of a sale, his acts in the matter must have so far contributed to bringing about the sale that, but for his acts in the matter, the sale would not have been accomplished by what was actually done by other parties to that end; and a broker may be the procuring cause of a sale though it is concluded on terms or at a price other than that fixed when listed.

"A broker may be the procuring cause of a sale, though not present when the deal is consummated; although the broker may have been the person who brought the property to the attention of the buyer, thereby initiating negotiations between them, the broker is not the procuring cause of the sale, if, after an unsuccessful effort to induce the buyer to purchase the property the broker had ceased his efforts to accomplish that result, all without fault on the part of the owner, and the sale was then made as a result of independent negotiations directly between the owner and the buyer, or through the medium of some other person.

"If you have answered the foregoing special issue No. 1 'no,' then you need not answer the following special issues."

The appellants urged the following objections to the charge:

"1. The plaintiffs object to so much of the definition of procuring cause which refers to an independent intervening cause, because there is nothing in the evidence to show any independent intervening cause.

"2. Because said definition places a greater burden upon plaintiffs than should be placed under the law."

The objections were overruled. No other objections need be considered by us, as they do not affect the merits of the appeal.

The jury answered Issue No. 1 "No," thereby definitely establishing the fact that appellants were not the procuring cause of the sale. Judgment was rendered for appellee.

Assignments of error Nos. 1 and 2 are the first two paragraphs of appellants' motion for a rehearing, and are as follows:

"1. Because the Court erred in overruling these plaintiffs' first objection to the definition of procuring cause in the court's charge, which was as follows:

" 'Plaintiffs object to so much of the definition of procuring cause which refers to an "independent intervening cause" because there is nothing in the evidence to show any independent intervening cause.'

"2. Because the court erred in overruling these plaintiffs' objection to the defini-

tion of procuring cause in the court's charge, which was as follows:

" 'Because said definition places a greater burden upon plaintiffs than should be placed under the law.' "

Appellants' first proposition, urged as germane to their first assignment of error, is as follows: "The Court committed material and prejudicial error in overruling and in failing and refusing to sustain appellants' objection No. One, to the court's charge as to the definition of procuring cause which refers to a new independent intervening cause, also same point as No. One of plaintiffs' first amended motion for a new trial, because there is nothing in the evidence to show any new independent intervening cause."

Appellants' second, third, and fourth propositions, urged as germane to their second assignment of error, are as follows:

"2. The court committed material and prejudicial error in giving the definition of procuring cause that it did over the objections of plaintiffs and in overruling paragraph Two of plaintiffs' first amended motion for a new trial because under this definition the efforts of the plaintiffs must have been continuous, and if Kell in any manner intervened even though he was not the procuring cause, Coffee and Word could not have recovered.

"3. The trial court committed material and prejudicial error in giving the definition of procuring cause that it did over the objection of plaintiffs and in giving as a part of such definition that, 'the broker is not the procuring cause of the sale, if, after an unsuccessful effort to induce the buyer to purchase the property the broker had ceased his efforts to accomplish that result, all without fault on the part of the owner, etc.,' because the court gives such definition without giving the converse thereof as to the effect if the broker ceased his efforts because of the fault on the part of the owner.

"4. The trial court committed material and prejudicial error in its definition of procuring cause in connection with special issue No. 1 submitted by it in commingling therein the issues of New Independent Intervening Cause, abandonment, fault of owner as to abandonment and procuring cause."

We do not believe that either the first assignment of error or the proposition thereunder points out any error or can be said to show where any injury was done to appellants by the inclusion of the reference to "a new independent intervening cause" in the charge. If it were shown to be mere surplusage (which has not been done by appellants), no harm is shown to have been done appellants by its use. If it is not surplusage, no injury is shown. Furthermore, there is no clear statement in appellants' brief, supporting the assignment of error and proposition, and we are left to search the transcript and the entire statement of facts to ascertain whether the record supports appellants' contention as to what evidence was introduced. We are not required to do this, but it is appellants' duty to make a full and clear statement showing these things and showing that injury has been done them by the action complained of.

The second assignment of error is too broad and general to warrant our consideration.

The objection made to the definition of procuring cause is that it "places a greater burden upon plaintiffs than should be placed under the law." The purpose of the statute (Rev.St.1925, art. 2185), requiring all objections to the court's charge to be in writing and presented to the court, before the charge is delivered to the jury, is that the court may be instructed as to the error committed, thereby giving the court ample time and opportunity within which to correct the charge and purge it of the error that is pointed out.

The objection before us does not attempt to show the trial court how or why the charge imposes a greater burden upon appellants than the law places upon them.

We believe that the objection leveled at the court's charge should be clear and specific, and should point out wherein it is erroneous, before the objection may become a proper assignment of error.

The definition complained of is lengthy and covers a large field. The portion of it that is asserted to have placed a greater burden upon the appellants than does the law is not pointed out.

The propositions attempted under this very general assignment of error illustrate the vice in the situation before us.

The first proposition asserts that, under the charge, the efforts of the plaintiffs must have been continuous, and that, if one Kell in any manner intervened in the matter, even though Kell were not the procuring cause, yet the plaintiffs could not recover.

There is no hint or suggestion, in the objection, that the charge embodies such asserted vice.

The next proposition, urged under the same general assignment of error, relates to a wholly different phase of the charge, and asserts that a portion of the instruction defining the term "procuring cause" is defective because the converse of the statement is not given.

There is no hint or suggestion, in the objection, that the charge embodies such asserted vice.

The next proposition asserts that there is vice in the charge because the court has commingled the issues of new, independent intervening cause, abandonment, fault of the owner as to abandonment, and procuring cause.

No such vice is hinted or suggested in the general objection made.

If appellants, from the general objection, are able to prepare these propositions in their brief, there is no excuse for not embodying them in the the objections to the charge before it was delivered.

We find that the eleventh proposition is urged as germane to the second assignment of error, and it asserts that the court committed error in incorporating the term "new, independent, intervening cause" in the charge without defining the term.

No such objection was made to the charge and no definition tendered.

The jury found that appellants were not the procuring cause of the sale, under instructions that have not been attacked, and they were directed not to attempt answers to any other issues, if they so answered the issue of procuring cause.

No objection was made to the case being submitted in any such manner. Ohio Casualty Ins. Co. v. Stewart (Tex.Civ. App.) 76 S.W.(2d) 873, and cases cited.

The judgment is affirmed.