### SOUTHERN UNDERWRITERS v. KELLY.

#### No. 5156.

Court of Civil Appeals of Texas. Texarkana.

Nov. 5, 1937.

Rehearing Denied Nov. 11, 1937.

154

Battaile, Burr & Holliday, of Houston, for plaintiff in error.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for defendant in error.

HALL, Justice.

This cause of action arose under the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.), and this suit was filed by defendant in error to set aside an award of the Industrial Accident Board. Defendant in error on October 17, 1934, the date he alleges he was injured, was employed by the Lake Refining Company of Gladewater, Tex. On this date while in the discharge of his duties in making some connections in the cooling tower of said refining company he slipped and fell a distance of four or five feet, becoming wedged between the coils of said tower, thereby inflicting serious and permanent injury to his back. It appears that on the same day or the day after his alleged back injury he received an injury to one of his thumbs by getting it caught in a pump at which he was washing his hands. This thumb injury also occurred at the plant of the Lake Refining Company. The plaintiff in error answered by general denial. Trial was to a jury on special issues which were answered favorably to defendant in error, and judgment was rendered accordingly for him for 401 weeks for total and permanent incapacity and for damages payable in a lump sum. From this judgment plaintiff in error has appealed to this court.

On this appeal plaintiff in error raises three points. Point 1 is: "The defendant is entitled to a new trial of this cause because the basic issues upon which its liability was predicated were submitted to the jury in so broad a form that the jury in answering them might well have given consideration to matters in evidence not alleged or relied on by plaintiff in his petition and could have answered them truthfully in the affirmative (favorable to plaintiff) without giving consideration to the facts alleged as a basis of recovery."

This point has special reference to special Issue Nos. 1 and 2 in the court's charge, which issues are: "No. 1: Do you find from a preponderance of the evidence that the plaintiff, V. E. Kelly, sustained an injury to his body on the 17th day of October, 1934?"

This special issue is followed immediately by a definition of "injury," which is: "You are instructed that the term 'injury' or 'personal injury' whenever the said term appears in this charge shall have the following meaning: 'injury or harm to the physical structure of the body and such diseases or infection as naturally result therefrom.' "

"No. 2. Do you find from a preponderance of the evidence that the injuries, if any, that the plaintiff, V. E. Kelly, received on or about the 17th day of October, 1934, were injuries sustained in the course of his employment with Lake Refining Company?"

This issue is followed immediately by this definition: "The 'injuries sustained in the course of his employment' shall have the following meaning: 'injuries of every kind and character having to do with and originating in the work, business, trade or profession of an employer received by an employee while engaged in or about the furtherance of the affairs or business of an employer while on the premises of said employer or elsewhere.' "

■ Defendant in error objects to the consideration of the exceptions to the court's main charge directed at special issues No. 1 and No. 2, for the reason that the objections and exceptions were general and abstract in their nature and were insufficient to apprise the court of the particular error and enable him to correct his charge in the particulars pointed out.

Plaintiff in error's objections and exceptions to special issues No. 1 and No. 2 are:

"The defendant makes the following exceptions and objections to Special Issue No. 1:

"(a) Because said issue is upon the weight of the evidence.

"(b) Because said issue is duplicitous.

"(c) Because said issue is not raised by the pleadings.

"(d) Because said issue is too general and does not limit the jury in determining said issue to a consideration of the injuries asserted by the plaintiff in his claim before the Industrial Accident Board, and to his injuries made the basis of plaintiff's petition.

"And in this connection the defendant requests the court, in the event he submits this cause to the jury on Special Issues, to inquire of the jury the field as to the specific injury or injuries upon which a claim was made before the Industrial Accident Board and described and relied upon in the plaintiff's petition.

"The defendant excepts to Special Issue No. 2:

"(a) Because said issue is upon the weight of the evidence.

"(b) Because said issue is not raised by the pleadings.

"(c) Because said issue does not confine the jury or limit them in determining said issue to the injuries asserted by the plaintiff before the Industrial Accident Board, and to the injuries made the basis of the plaintiff's pleadings."

We are inclined to agree with the contention of defendant in error. The objections made to these two issues wholly fail, in our opinion, to inform the trial court in what particular respect the submitted issues Nos. 1 and 2 were objectionable to plaintiff in error. The object of exceptions and objections to the court's charge, as required by article 2185, R.C.S., is to inform the court of the error in his main charge and to give him an opportunity to correct said charge before it is read to the jury. The exceptions and objections above copied could hardly be said to perform this office. An objection and exception to the court's main charge should distinctly and with particularity inform the trial court of the vice in his main charge and should be constructive and helpful to the court in correcting the main charge. Panhandle & S. F. Ry. v. Brown (Tex.Civ. App.) 74 S.W.2d 531, writ dismissed; Jackson v. Amador (Tex.Civ.App.) 75 S.

W.2d 892, writ dismissed; Coffee v. Blair (Tex.Civ.App.) 92 S.W.2d 496, writ dismissed; Abilene & S. Ry. Co. v. Herman (Tex.Civ.App.) 47 S.W.2d 915, writ dismissed; Schaff v. Lynn (Tex.Civ. App.) 238 S.W. 1034; Chase Bag Co. v. Longoria (Tex.Civ.App.) 45 S.W.2d 242, writ dismissed; McWilliams v. Hailey (Tex.Civ.App.) 95 S.W.2d 985, writ dismissed, and authorities there cited; article 2185, R.C.S. While we do not think it is necessary under these exceptions and objections to discuss this point, we shall, however, out of an abundance of caution consider same.

■ The basis for the contention by plaintiff in error that the jury in answering these special issues might have given consideration to another injury or diseased condition of the body is the testimony in the record, elicited by plaintiff in error, that the defendant in error received an injury to his thumb on either October 17 or 18, 1934; that he included in his claim for compensation to the Industrial Accident Board and in his original petition the resultant condition of hernia from his claimed back injury, and the statement by Dr. Irvan, made without any examination, that defendant in error might be suffering from kidney stones. No claim for compensation was asserted by defendant in error in this trial for either the injured thumb, the hernia, or the supposed kidney stone condition. Defendant in error in his amended petition on which he went to trial and his evidence in support thereof refers only to an injury to his back in the region of the lumbar vertebræ. Special issue No. 1 made inquiry of the jury with respect to an "injury" to the body, and the word "injury" was defined by the court so as to aid the jury in answering said issue. All defendant in error's testimony was confined to this alleged injury for which he was seeking compensation in the trial court. He was making no claim for hernia, injured thumb, or kidney stone trouble. So we cannot conceive of the jury's taking into consideration in answering this special issue and special issue No. 2 a condition of defendant in error's body, or health which the evidence shows did not exist on the date of the trial and for which he asked no compensation. The injury to his thumb, it is true, was an injury to a part of his physical body, but it clearly appears from the jury's answers to special issues Nos. 3 and 4, to the effect that defendant in error sustained total incapacity and that such condition was permanent, that the jury did not take said thumb injury into account when they answered special issues No. 1 and No. 2 in the affirmative. As said in Traders & General Ins. Co. v. Offield (Tex.Civ.App.) writ dismissed, 105 S.W.(2d) 359, the better practice would have been to frame this issue as nearly as possible with particular reference to the injury alleged in defendant in error's petition. The trial court, however, may use other language in submitting an issue so long as same has a logical reference to the facts pleaded and is not confusing to the jury. Jones v. McIlveene (Tex.Civ.App.) 105 S.W.(2d) 503, writ dismissed; Speer on Special Issues, §§ 179, 180. We conclude, then, under the facts and circumstances of this case, special issues Nos. 1 and 2 had direct reference only to the injury alleged in defendant in error's amended petition and were not misleading or confusing to the jury. Therefore plaintiff in error's point 1 is overruled.

Plaintiff in error next advances point 2, which is: "The defendant was and is entitled to a new trial of this cause, because the court though properly requested refused to submit to the jury special issues embodying the basic theories of the defendant, which were clearly raised by the evidence and covered by defendant's pleadings, namely, that the disability complained of by the plaintiff resulted from a long standing abnormality of his spine."

■ Plaintiff in error under one request sought the submission of four special issues to the jury embodying its defense. Its first requested special issue is: "Do you find from a preponderance of the evidence that plaintiff, Virgil Kelly, is suffering from an abnormality of the spine?"

From an examination of the evidence we find no dispute therein concerning the fact sought to be found by this issue. The evidence, on behalf of plaintiff in error, of the medical experts who examined defendant in error and the X-ray pictures of his lumbar vertebræ, show conclusively and without dispute that in his (defendant in error's) spinal column there are six lumbar vertebræ instead of five as in the spinal column of a normal person; that there was a fusion of a process of the sixth lumbar vertebra with the sacrum; and that this condition was abnormal and congenital. Defendant in error's evidence

was also to the effect that he had an abnormality in his lumbar vertebræ, but that same was caused by an injury received in the course of his employment. Thus it will be seen that all the testimony in the record both of plaintiff in error and of defendant in error pointed unerringly to the fact that he was suffering from an abnormality of the spine. This being true, the trial court therefore was not required to submit this requested issue to the jury. Oriental Oil Co. v. Brown, 106 S.W.(2d) 136 (Tex.Com.App. opinion adopted by Sup.Ct.); Taylor-Link Oil Co. v. Anderson (Tex.Civ.App.) 92 S.W.(2d) 499, error dismissed; Lewis v. Connecticut Gen. Life Ins. Co. (Tex.Civ.App.) 94 S.W. (2d) 499, error refused; Terrell Wells Health Resort v. Severeid (Tex.Civ.App.) 95 S.W.(2d) 526; Article 2190, R.S. (as amended by Acts 1931, c. 78, § 1 [Vernon's Ann.Civ.St. art. 2190]). As stated before, these four requested issues by plaintiff in error were submitted to the trial court en masse under one request and was signed at the end by plaintiff in error's attorneys, and the trial judge's refusal of said issues is noted in one general order at the end of said instrument. It has been held repeatedly by courts of this state that the trial judge is not required under a request of this character to search through said requested issues and submit to the jury those which are proper and to refuse those which are improper. McBurnett v. Smith & McCallin (Tex.Civ.App.) 286 S.W. 599; Ater v. Ellis (Tex.Civ.App.) 227 S.W. 222, writ dismissed; St. Louis S. W. Ry. v. Hill Bros. (Tex.Civ.App.) 80 S.W.(2d) 432; Article 2188, R.C.S. Since it conclusively appears it was improper for the trial judge to submit to the jury plaintiff in error's requested issue No. 1, he was justified in refusing all said requested issues submitted to him under the same general heading and request. Moreover, it appears that the trial judge gave the substance of plaintiff in error's requested charges Nos. 2, 3, and 4 in his special issue No. 13 of the main charge, which special issue is: "Do you find from a preponderance of the evidence that the incapacity to labor, if any, is not produced solely by natural causes?" Therefore plaintiff in error's second point is overruled.

Plaintiff in error's third point is: "The defendant was and is entitled to a new trial of this case because (the cause being tried on special issues) the court gave to the jury a general charge and furthermore worded the charge in such a manner as to deprive the defendant of its right to an affirmative and unconditional submission of defendant's theory of partial incapacity, and by such charge instructed the jury as to the legal effect of its answer."

It appears from the record herein that, when the jury reported to the court their verdict in the first instance, the trial judge inspected same and determined that their answers to certain special issues in the charge were conflicting. He thereupon sent the jury back for further deliberations and gave them the following instruction:

"The court calls your attention to a conflict in some of the answers which you have returned into court.

"You have answered special issue number three, 'Yes', that is, that the plaintiff has been totally incapacitated to labor and you have answered special issue number four 'Yes', that is, that plaintiff has been totally incapacitated permanently. While you have answered special issue number seven 'Yes,' that is, that plaintiff has been partially incapacitated and special issue number eight 'Yes,' that is, that plaintiff has been partially incapacitated permanently, and special issue number nine 80%.

"You are instructed that a person cannot be totally and partially incapacitated at the same time. If the plaintiff was totally and permanently incapacitated he could not be partially incapacitated to any extent for any period of time. Stating it the other way (meaning the same thing) if the plaintiff was partially incapacitated to any extent for any period of time he could not be totally incapacitated for such period of time. The court does not desire to indicate how you shall answer the special issue, but only to point out the conflict in your answer, so as stated in the main charge, you must answer the issues as you find the facts to be, but you will retire to your room and reconcile your answers in regard to the conflicts herein pointed out, but you are entirely free to change the answers to any issues as you see fit and as you find the facts to be."

There is no contention made by plaintiff in error that there was not a clear conflict in the answers to certain issues submitted in the charge when the jury first returned their verdict into court. In-

deed, no such contention can be made, for the conflict in said answers is apparent. Faced with this situation, it was the duty of the trial judge to, by all legal means, point out to the jury the conflict in their answers and require further deliberation on their part in an effort to reconcile such conflict. The controlling purpose of a trial is to correctly and finally determine the disputed issues between litigants. In this case as shown by the copied instruction the trial court did not in anywise suggest or intimate as to how said conflicting issues should be answered, but left the jury "entirely free to change the answers to any issues as you see fit and as you find the facts to be." We think it is the duty of the trial judge as the presiding officer of the court to see to it by all legal means at hand that a verdict such as the one here under consideration is not returned into court without the jury being given an opportunity under proper instructions to reconcile the conflict. This is what the trial court did in this case, and we approve his action. James A. Dick Co. v. Yanez (Tex.Civ.App.) 55 S.W.2d 600, writ refused; Petroleum Casualty Co., v. Bristow (Tex.Civ.App.) 35 S.W.2d 246, writ dismissed; St. Louis S. W. Ry. Co. v. Larkin (Tex.Civ.App.) 34 S.W.2d 693; Traders' & General Ins. Co. v. Nunley (Tex.Civ.App.) 80 S.W.2d 383, writ refused; Mayo v. Ft. Worth & D. C. Ry. Co. (Tex.Civ.App.) 234 S.W. 937; Cheek v. Nicholson & Co. (Tex.Civ.App.) 146 S.W. 594, writ refused; article 2207, R.C.S.

For the reason indicated, the judgment of the trial court is in all things affirmed.