### SOUTHERN UNDERWRITERS v. COOPER.

#### No. 3625.

Court of Civil Appeals of Texas. Beaumont.

March 14, 1940.

Rehearing Denied March 27, 1940.

Henry D. Akin and Will R. Saunders, both of Dallas, for plaintiff in error.

H. A. Coe, of Kountze, and Glenn Faver, of Jasper, for defendant in error.

WALKER, Chief Justice.

The appeal is by writ of error, but the parties will be referred to as appellant and appellee. This is a compensation case. Appellant, The Southern Underwriters, was the compensation insurance carrier; appellee, Allen Cooper, the employee; and the Estate of D. Hollingsworth, deceased, and J. C. Welch, the alleged employer. Appellee, on or about September 22, 1937, at the time of his injury, was engaged in peeling poles. On the verdict of the jury, finding the essential facts to support compensation and a lump sum settlement, judgment was entered on the 24th day of May, 1939, in appellee's favor against appellant for compensation for 401 weeks for total, permanent disability from September 22, 1937, at the rate of $8.62 per week, to be paid in the lump sum of $2,792.39, with accrued interest. Appellant has briefed the following points of error against the judgment.

Appellee filed his claim with the Industrial Accident Board as an employee of the Estate of D. Hollingsworth, deceased, and J. C. Welch; the award of the Board named appellee as an employee of the Estate of D. Hollingsworth, deceased, and J. C. Welch; in his petition on appeal from the final award of the Board, appellee alleged that he was an employee of the Estate of D. Hollingsworth, deceased, and J. C. Welch. D. Hollingsworth died about June, 1937, and after his death his heirs continued the partnership business with J. C. Welch under the partnership name of Estate of D. Hollingsworth, deceased, and J. C. Welch. Mrs. D. Hollingsworth bought the interest of all the other heirs and continued the partnership arrangement with J. C. Welch as it had been operated subsequent to the death of D. Hollingsworth. There was no administration on the Estate of D. Hollingsworth, and the heirs after his death, and Mrs. Hollingsworth after she had purchased the interest of the other heirs, simply continued the partnership arrangement as a method of doing busi-

ness. The policy in issue was issued by appellant to the partnership, and there is no suggestion of fraud or deceit, or that appellant was in any way mislead as to the constituent members of the partnership. On the facts as summarized, appellant contends that it was entitled to an instructed verdict on the theory that appellee sued as an employee of the Estate of D. Hollingsworth, deceased, and J. C. Welch, when in fact he was an employee simply of Mrs. D. Hollingsworth, personally, and J. C. Welch. Appellant invokes the legal proposition announced by this court in White v. United States Fidelity & Guaranty Co., 45 S.W.2d 756, that one cannot obtain a compensation award as an employee of one person and sue as an employee of another person. Appellant cites the following additional authorities: Griffith v. Associated Employers' Reciprocal, Tex.Civ.App., 10 S.W.2d 129; New Amsterdam Casualty Co. v. Harrington, Tex.Com.App., 290 S. W. 726; Southern Underwriters v. Beardmore, Tex.Civ.App., 95 S.W.2d 207; Traders & Gen. Ins. Co. v. Emmert, Tex.Civ. App., 76 S.W.2d 208. The general proposition of law contended for by appellant is conceded, but the facts do not invoke the proposition. Appellee filed his claim and secured his award as an employee of the same partnership. This point is made clear by the following testimony given by appellee:

"Q. Allen, where were you working on or about September 22, 1937? A. Working for the Estate of Mr. D. Hollingsworth, and J. C. Welch.

"Q. You were working for the estate of Mr. D. Hollingsworth and J. C. Welch? A. Yes, sir.

"Q. Now Mr. D. Hollingsworth had died; had he not? A. Yes, sir.

"Q. And they continued to operate this pole and piling business under the name of the estate of D. Hollingsworth and J. C. Welch? A. Yes, sir.

"Q. Now, how long had you worked for those contractors? A. About 14 years.

"Q. You had been working for them about 14 years? A. Yes, sir.

"Q. During that period of time what kind of work had you been engaged in?

"Mr. Benbow: We object to this line of testimony. It calls for a conclusion of the witness. He has shown no fact in the nature of employment, or anything else. It is purely a conclusion.

"The Court: Overruled.

"Mr. Benbow: Note our exception.

"Q. (By Mr. Faver) During those 14 years you worked for those contractors what was the nature of your work? A. It was cutting out poles and piling."

It is immaterial that no administration was pending on the Estate of D. Hollingsworth. The heirs, following his death, and his widow, after her purchase of the interest of the heirs, had the legal right to conduct their partnership business as it in fact was conducted.

■ The jury gave the answer "Permanent" to question No. 9:

"Issue No. 9: For what period of time, if any, of such total incapacity, if any, do you find from a preponderance of the evidence was sustained by Allen Cooper from and after the beginning date, if any? Answer 'Permanent' or answer by stating the number of weeks, if any, or answer 'None'."

We overrule appellant's exception to issue No. 9: "because same amounted to an instruction that the jury need not answer special issue No. 9 in the event they found the total incapacity of the plaintiff was permanent, and was therefore a conditional submission of such issue." Issue No. 9 was not submitted conditionally.

■ In connection with its exception to special issue No. 9, appellant briefs the point that the court erred in refusing to submit its requested issue "in reference to whether the total incapacity of the plaintiff is temporary." This exception is overruled. The issue of "partial incapacity" was submitted by question No. 10, and answered in the negative:

■ "Issue No. 10: Do you find from a preponderance of the evidence that said injury, if any, sustained by Allen Cooper resulted in partial incapacity to work? Answer 'Yes' or 'No'."

Appellant excepted to special issue No. 10 on the ground that it "was clearly subject to the objection timely interposed thereto by the defendant that same wrongfully placed the burden of proof upon the defendant to establish its defense that such incapacity was partial as distinguished from total." This exception is overruled. As an alternative plea, appellee asked compensation for partial incapacity. Issue No.

**566**

simply submitted to the jury one of the issues of recovery plead by the appellee, and which had support in the evidence.

■ As an element of its exception to issue No. 10, appellant asked the court to submit the following issues on the theory that they constituted a defense to appellant's claim of total, permanent incapacity:

"(a) Do you find from a preponderance of the evidence that plaintiff's partial incapacity was not temporary?

"(b) Do you find from a preponderance of the evidence that plaintiff's total incapacity, if any, is not and will not be only temporary?"

We know of no authority requiring the trial court to submit the issue of "partial incapacity" as an element of appellee's recovery and then to submit the same issue in a negative form as an element of appellant's defense. As we understand the authorities, our Supreme Court affirmatively holds against appellant's contention. Texas Indemnity Ins. Co. v. Thibodeaux, 129 Tex. 655, 106 S.W.2d 268; Wright v. Traders & Gen. Ins. Co., 132 Tex. 172, 123 S.W.2d 314. See, also, Texas Employers' Ins. Ass'n v. White, Tex.Civ.App., 32 S.W. 2d 955; Texas Indemnity Ins. Co. v. Perdue, Tex.Civ.App., 64 S.W.2d 386. The following additional issues, submitted by the court in its charge, show that appellant's defense of "partial incapacity" was fully submitted to the jury:

"Issue No. 11: When do you find, from a preponderance of the evidence said partial incapacity, if any you have found, begins? Answer by stating the date, if any, or otherwise answer 'None'. Answer: None.

"Issue No. 12: Do you find from a preponderance of the evidence that such partial incapacity for work, if any, you have found is permanent? Answer, 'No partial incapacity suffered,' or answer 'Yes' or 'No'. Answer: 'No partial incapacity suffered.'

"Issue No. 13: For what period of time, if any, of such partial incapacity, if any, do you find from a preponderance of the evidence was sustained by Allen Cooper from and after the beginning date? Answer: 'Permanent'; or answer by stating the number of weeks, if any; or answer 'None'. Answer: None."

■ Appellee duly excepted to the refusal of the court to submit the following requested issue: "Do you find from a pre-ponderance of the evidence that by the agreement or arrangement under which plaintiff was working on the occasion when injured, if any, he had not agreed to do the specific work of peeling logs whereby he should have the right to use his own tools and methods without control as to the details of how the work should be done except as to the final result?"

This issue was not raised by the evidence. The employer furnished appellee and the other log peelers transportation to and from their work, and directed them where to work and how the work should be done; after appellee was injured his foreman sent him to appellant's doctors for treatment and he was given treatment from day to day for more than a month at appellant's expense and at the expense of his employer. The fact that the log peelers furnished their own tools, kept them in repair, and were paid by the log, or by the lineal foot, did not raise the issue of independent contractor. Appellant's exception is also overruled for the very issue contended for by him was, in substance, submitted to the jury by the following question, answered as indicated:

"Issue No. 22: Do you find from a preponderance of the evidence that under the agreement or arrangement under which plaintiff was working on the occasion when injured, if any, that J. C. Welch and Estate of D. Hollingsworth, or their agents, had the right to exercise control over the details of the work plaintiff was doing at the time and place in question? Answer: 'Yes' or 'No'. Answer: Yes."

Appellant's requested issue was simply a request for a second submission of the issue submitted by question No. 22.

■ The evidence raised the issue that appellee received a prior injury in 1927. Appellant contended that appellee's incapacity was due in part to the prior injury; it also contended that his incapacity was due to disease. On these theories the court submitted to the jury the following issues, answered as indicated:

"Issue No. 19: Do you find from a preponderance of the evidence that Allen Cooper's incapacity, if any you have found, is not due solely to disease? Answer: 'It is not due solely to disease'; or answer 'It is due solely to disease.' Answer: It is not due solely to disease."

"Issue No. 21: Do you find from a preponderance of the evidence that plain-

tiff's incapacities, if any, were caused solely by an injury sustained by him on or about 1927? Answer: 'It was not caused solely by an injury sustained on or about 1927'; or, answer 'It was caused solely by an injury sustained on or about 1927.' Answer: It was not caused solely by an injury sustained on or about 1927."

In view of the submission of issues 19 and 21, the court did not err in refusing to submit the following issues requested by appellant:

"(a) Do you find from a preponderance of the evidence plaintiff's incapacities were not greater due solely to his injury previous to the occasion in question?

"(b) Do you find from a preponderance of the evidence that plaintiff's incapacities will not be greater due solely to his injury previous to the occasion in question?

"(c) Do you find from a preponderance of the evidence that plaintiff's incapacities are not greater due solely to his injury previous to the occasion in question?

"(d) Do you find from a preponderance of the evidence that the plaintiff's incapacities will not be greater due solely to his injury previous to the occasion in question?"

These issues were merely evidentiary, and had they been submitted and answered in support of appellant's theory, they would not have controlled the judgment. The requested issues did not carry to the jury the issue of the amount of compensation appellee would have been entitled to "had there been no prior injury," as defined by the court in Traders & Gen. Ins. Co. v. Watson, Tex.Civ.App., 131 S.W.2d 1103. But it is our conclusion that the evidence did not raise the issues thus requested by appellant.

▇▇▇▇ Issue No. 18 was submitted to the jury, and answered as indicated:

"Issue No. 18: From a preponderance of the evidence, what sum of money, if any, do you find would be an average daily wage for Allen Cooper, under all the facts and circumstances obtaining in this case, which would be just and fair to both parties? Answer: $2.50. (Two dollars and fifty cents)."

Under the evidence, neither appellee nor any one else had worked in appellee's employment, or a similar employment, as much as 300 days in the same place, or in any other place in that territory, for the year prior to appellee's injury. Special issue No. 18 was not subject to the following exception reserved by appellant: "Because said phrase 'just and fair to both parties' is too general, does not confine the jury to the consideration of solely the amount made from log peeling by the plaintiff for the year previous to the accident but permits the jury to speculate upon money earned or income from other sources and wages earned at different periods than the preceding year and thereby deprives the defendant of the submission and answer to an issue corrected in accordance with this objection, to the prejudice of the defendant."

Special issue No. 1, submitted to the jury, and answered as indicated, was as follows:

"Issue No. 1: Do you find from a preponderance of the evidence that Allen Cooper sustained an injury on or about September 22, 1937? Answer 'Yes' or 'No'. Answer: Yes."

This issue was not subject to the exceptions brought forward by appellant's 9th proposition: "that by submitting the question of injury generally, said issue does not confine the jury to the injuries pleaded and raised by the evidence, but permits the jury to speculate on injuries not alleged and raised by the evidence." In the first place, there is nothing in the evidence to support the exception; that is to say, appellant makes no statement under this proposition showing or suggesting that it was injured by the form of the issue. In the second place, this court has heretofore ruled against appellant's theory of this question. On that point appellant says: "We are not unmindful of the fact that this Honorable Court has not seen fit to follow the holdings in the above cited cases but has branched off on an independent holding to the effect that such general submission of the question of injuries is not reversible error in the cases of Federal Underwriters Exchange v. Carroll, Tex. Civ.App., 130 S.W.2d 1101; Federal Underwriters Exchange v. Rigsby, Tex.Civ. App., 130 S.W.2d 1105, and Southern Underwriters v. Thomas, Tex.Civ.App., 131 S.W.2d 409. We respectfully request this Honorable Court to follow the line of cases hereinabove first cited and establish uniformity in the laws of this state, and reverse and remand this cause on account of the general submission of the issue pertaining to whether the plaintiff sustained an injury."

568

Replying to appellant's argument on this point, we simply say that we are thoroughly satisfied with the soundness of our prior decisions on this point.

This appeal presents a compensation case in its simplest form, but the transcript before us contains 306 pages, taxed at a cost of $183.17. The exceptions to the court's charge consume pages 50–115, inclusive, of the transcript. From that interminable mass of exceptions, appellant has briefed only the few points discussed in the opinion. Yet there is nothing in all the exceptions, which the trial court was required to examine, to suggest to him that appellant considered only these, points as presenting error against the charge. In this connection, we cite Federal Underwriters Exchange v. Walker et al., 134 S.W.2d 388, and Federal Underwriters Exchange v. J. M. Simpson, 137 S.W.2d 132, both opinions by the Austin Court of Civil Appeals, the second opinion handed down the 21st day of February, this year. We are citing these facts as a challenge to the Bench and Bar of Texas to lend all possible support to our Supreme Court in its efforts to rewrite the rules of procedure in civil cases in this state.

Finding no error, the judgment of the lower court is in all things affirmed.