## TRADERS & GENERAL INS. CO. v. WRIGHT.

### No. 2047.

Court of Civil Appeals of Texas. Eastland.

Oct. 11, 1940.

Rehearing Denied Nov. 8, 1940.

Will R. Saunders, of Dallas, and Brooks & Little, of Big Spring, for plaintiff in error.

Thomas & Thomas, of Big Spring, and Joseph A. Beyer, of Crane, for defendant in error.

GRISSOM, Justice.

This is a workman's compensation case in which the plaintiff, A. N. Wright, recovered judgment against the defendant, Traders & General Insurance Company, for $4,243.84. The defendant has appealed. The parties will be referred to as they appeared in the trial court. This is the second appeal of this case. See, Tex.Civ.App.,

95 S.W.2d 753, affirmed 132 Tex. 172, 123 S.W.2d 314.

Defendant's main contention is that the judgment should be reversed and judgment rendered for it because the trial court erred in overruling its motion for an instructed verdict, in that (it contends) the evidence shows conclusively that (1) plaintiff's tubercular condition is the cause of his incapacity; (2) that tuberculosis was active prior to the time plaintiff was injured by inhaling gas, and (3) because there is no proof that plaintiff's tubercular condition was the natural result, without the intervention of a new and independent agency or disease, of inhalation of gas. Relative thereto the jury found (1) that Wright sustained "personal accidental injuries" November 21, 1933; (2) that said injuries were sustained in the course of his employment with Storey, Friebele and Duffey; (4) that Wright was totally incapacitated for work as a result of the injuries received November 21, 1933; (5) that such total disability developed November 27, 1933; (6) that such total disability is not permanent; (7) that plaintiff's total incapacity continued for 104 weeks; (8) that said injury of November 21, 1933 resulted in plaintiff's partial incapacity; (9) that plaintiff's partial incapacity began November 27, 1935; (11) and continued for 89 weeks; (16) that Wright did not have tuberculosis prior to November 21, 1933; (20) that tuberculosis was not the sole producing cause of plaintiff's incapacity.

■ We think it is not conclusively shown, as contended by defendant, that tuberculosis is the sole cause of plaintiff's incapacity nor that plaintiff had an "active" case of tuberculosis when he inhaled gas on November 21, 1933, and we believe the evidence is sufficient to authorize a finding that tuberculosis is the natural result of the injury to his lungs. We think the evidence is sufficient to authorize a finding that on November 21, 1933, while cleaning out an oil tank he inhaled poisonous gas under such circumstances as to constitute an accidental injury within the meaning of Article 8309, Vernon's Ann.Civ.St., and that the inhalation of the gas so injured his lungs that as a result thereof he thereafter contracted in succession, pneumonia and tuberculosis, and that the injury was a contributing cause of his incapacity. We think there is no conclusive evidence of the intervention of a new and independent agency or disease which produced his incapacity.

■ Defendant contends that it is undisputed that plaintiff's incapacity is the result of a tubercular condition which existed prior to the inhalation of gas, and that, therefore, the incapacity could not be the result of inhaling gas. To support this contention it points to the allegation in plaintiff's petition that by reason of the gas entering Wright's lungs a "latent and dormant tubercular bacilli was made active and as a natural result thereof tuberculosis developed." Such allegation is found in an alternative plea. In a prior portion of plaintiff's pleadings he had alleged that the gas burned and irritated his lungs and that as a result thereof tuberculosis developed. We think such alternative allegation does not constitute an admission that plaintiff had tuberculosis prior to the inhalation of gas. Rotsky v. Kelsay Lumber Co., 118 Tex. 180, 188, 12 S.W.2d 973.

■ Defendant points to the testimony of a certain doctor as conclusive evidence of prior tuberculosis. From this testimony the jury might have found plaintiff was suffering from tuberculosis at the time he inhaled gas, but that was a matter in dispute which the jury has determined adversely to defendant. There was evidence that for fifteen years prior to the inhalation of gas plaintiff was able to and did perform hard manual labor without trouble, that after he was gassed he was not able to do so, etc. There was also the testimony of his doctor, contrary, in effect, to that of defendant's doctor that the condition of plaintiff's lungs definitely indicated tuberculosis following the inhalation of gas. Defendant stresses testimony that tuberculosis is a germ disease and that, as a scientific proposition, tuberculosis cannot be taken from the gas itself. We think the evidence is sufficient to justify the conclusion that pneumonia and tuberculosis resulted from the injury to plaintiff's lungs; that pneumonia was not an independent intervening agency or disease which broke the chain of causation between the injury and the tubercular condition, but that pneumonia and tuberculosis were each a naturally resulting link in the chain of causation set in force by the inhalation of gas which irritated and inflamed plaintiff's lungs. Order of Railway Conductors v. Gregory, Tex.Civ. App., 91 S.W.2d 1139, 1142.

We think the decision in Texas Employers' Ins. Ass'n v. Burnett, Tex.Com. App., 105 S.W.2d 200, 201, and the other decisions relied upon by defendant, may be properly differentiated and distinguished

from the present case upon the facts. The question decided in the Burnett case, as stated by Judge German, was: "Do the beneficiaries of a deceased employee have a right to recover compensation for death of the employee when the death is due directly to an independent intervening agency, having no connection with or relation to the original injury, although the injury may have to some extent reduced the power of resistence of the deceased, and in that manner contributed in some degree to his death?" He answered the question as follows:

"We think the question is answered by our statute. Compensation for either disability or death must have for its foundation an 'injury' received by an employee in the course of employment. Our compensation law has defined 'injury' in this language: 'The terms "injury" or "personal injury" shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom.' (Rev.St.1925, art. 8309, § 1.)

"It is thus seen that diseases which naturally result from an injury are themselves classed as an injury, and if an employee be incapacitated thereby, or if he die therefrom, compensation is allowed. On the other hand, it was held in the case of Buchanan v. Maryland Cas. Co., 116 Tex. 201, 288 S.W. 116, that death by typhoid fever contracted by an employee as the result of impure water or food furnished by an employer is not compensable. It is pointed out, as was done in the case of Texas Employers' Insurance Ass'n v. Jackson (Tex.Com.App.) 265 S.W. 1027, that a disease which does not ensue by reason of an injury inflicted upon the body, that is, by 'damage or harm to the physical structure of the body,' is not compensable. It follows, therefore, that death by disease not naturally caused by the injury, but intervening as an independent agency, is not compensable. To be compensable, the death must result from the physical injury or from disease or infection which naturally results from the injury. *If there be no such disease or infection,* as in the present instance, *there can be no compensable death; unless the physical injury itself be the cause of the death.*" (Italics ours)

In the Burnett case the court further said: "It is not even contended in this case that the death was the result of the injury." The court further held that the trial court did not properly submit the question of injury being the cause of Burnett's death, and that there was no sufficient proof to raise that issue. Of course, if it was not even contended that Burnett's death was the result of an injury, and there being, as said by Judge German, no disease or infection, resulting from the injury, and the question of injury not being properly submitted to the jury, and there being no sufficient proof thereof, certainly, under such circumstances, plaintiff in that case was not entitled to recover.

In the instant case it is contended the accidental injury, to-wit, the burning of Wright's lungs by inhalation of poisonous gas, was a contributing cause of his incapacity. There was no dispute as to whether or not he was gassed. The jury found in answer to issue 1 that he sustained personal accidental injuries on November 21, 1933. The only injuries alleged or proved were those caused by inhaling gas on that date. In answer to issue 16 the jury found that he did not have tuberculosis prior to that time, and, in answer to issue 20, that tuberculosis was not the sole producing cause of his incapacity. We think the evidence is sufficient to justify said findings.

In Texas Indemnity Ins. Co. v. Staggs, Tex.Com.App., 134 S.W.2d 1026, 1028, 1029, opinion by Judge Smedley, the Supreme Court held it was not necessary for a compensation claimant to establish that the injury proximately caused his disability. Recovery is authorized "if a causal connection is established between the injury and the disability * * *". The court further said:

"The same principle is given effect *in compensation cases* which hold that *when injury is sustained by an employee* in the course of his employment *which results in his disability* or death, *compensation therefor will not be denied, although the injury may be aggravated or enhanced by the effect of disease existing at the time or afterwards occurring.* Guzman v. Maryland Cas. Co., 130 Tex. 62, 107 S.W.2d 356; Commercial Standard Ins. Co. v. Noack, Tex.Com.App., 62 S.W.2d 72; Texas Emp. Ins. Ass'n v. Parr, Tex.Com.App., 30 S.W.2d 305; Norwich Union Indemnity Co. v. Smith, Tex.Com.App., 12 S.W.2d 558; Millers' Indemnity Underwriters v. Schrieber, Tex.Civ.App., 240 S.W. 963, application for writ of error refused.

"Judge Nickels, writing the opinion in Norwich Union Indemnity Co. v. Smith, supra (12 S.W.2d 561), said: 'And if "Bright's disease", etc. existed prior to the "fall" and made substantial contribution to death, those facts would not preclude a holding that death resulted from injury received in the "fall"'. In Texas Employers' Insurance Association v. Parr, supra, the jury in answer to a special issue found that seventy-five per cent. of the incapacity of the employee was chargeable to injury suffered by him in the course of his employment and by inference that the other twenty-five per cent. was the result of disease. It was held that notwithstanding such finding the employee was entitled to the full amount of the compensation allowed by the statute.

"In the cases last cited the diseased condition of the employee was a concurring or contributing cause of the disability or death, but *compensation was awarded because the injury* received in the course of employment *concurred with the disease in causing the disability* or death *and was therefore a producing cause."* (Italics ours)

In Maryland Cas. Co. v. Rogers, Tex.Civ. App., 86 S.W.2d 867, 871, writ refused, the employee was injured by inhalation of foreign particles into his lungs while grinding fodder. The testimony was to the effect that deceased died from a germ disease, to-wit, pneumonia. The jury found the injury to Roger's lungs resulted in pneumonia, from which he died. It was there contended that no causal connection was shown to exist between the injury and death of the claimant. The court said: "There must of course be a causal connection between the injury and subsequent death of the employee for the latter to be compensable. Here, there was sufficient evidence of an injury to the lungs, followed immediately by symptoms indicating a predisposition to pneumonia, which in fact resulted, death occurring therefrom in just one week from the time of the alleged injury. The cause set in motion on Friday operated continuously through a sequence of events, each flowing naturally from one to the other, eventuating in death the following Friday."

We think the situation in that and the instant case is analogous. In the instant case the injury to plaintiff's lungs was the cause which operated continuously through a sequence of events, each flowing naturally from the other, (burned and irritated lungs—pneumonia—tuberculosis) and eventuating in plaintiff's disability.

In Consolidated Underwriters v. Christal, Tex.Civ.App., 135 S.W.2d 127, 130, writ refused, Christal died from a cerebral hemorrhage. He had suffered from high blood pressure for a year and a half prior to his death. The jury found that on the day of his death Christal over-exerted himself in handling sacks of rice for his employer, that he was affected by the pre-existing disease of high blood pressure which was aggravated by such over-exertion and from which he suffered a hemorrhage; that such over-exertion was the cause of his injury and was a contributing cause to his death; that the death was caused by the combined effect of such injury and the pre-existing disease of high blood pressure, and that his death was not caused solely by disease. The court said: "Since the jury found on sufficient evidence on the ultimate issues that such over-exertion was the direct producing cause of said fatal hemorrhage and that the death of Shellie Christal was not caused solely by disease, appellant cannot avoid liability by showing a pre-existing disease or that an exaggeration thereof was only such as to make Shellie Christal more predisposed to cerebral hemorrhage as a result of his high blood pressure."

Also see, Texas Emp. Ins. Ass'n v. Mitchell, Tex.Civ.App., 27 S.W.2d 600, 604; Travelers' Ins. Co. v. Smith, Tex.Civ.App., 266 S.W. 574, 576; Texas Emp. Ins. Ass'n v. Drews, Tex.Civ.App., 297 S.W. 630, 633; Commercial Standard Ins. Co. v. Noack, Tex.Com.App., 62 S.W.2d 72, 74; Guzman v. Maryland Cas. Co., 130 Tex. 62, 107 S. W.2d 356; Texas Emp. Ins. Ass'n v. Parr, Tex.Com.App., 30 S.W.2d 305, 308; Norwich Union Ind. Co. v. Smith, Tex.Com. App., 12 S.W.2d 558, 561; Barron v. Texas Emp. Ins. Ass'n, Tex.Com.App., 36 S.W.2d 464; Traders & General Ins. Co. v. Jaques, Tex.Civ.App., 131 S.W.2d 133; Texas Emp. Ins. Ass'n v. Watkins, Tex.Civ.App., 135 S.W.2d 296, 299.

The assignments supporting said contentions are overruled.

Appellant's sixth assignment is that the uncontradicted evidence shows that defendant's insurance policy did not cover plaintiff's injury because the policy covered the employees of Storey, Friebele & Duffey, "whereas the uncontradicted evidence shows that the plaintiff at the time of the

alleged injury, was an employee of Storey, Friebele & Duffey, *and the Houston & West Texas Oil Company* * * *."

The policy did cover the employees of Storey, Friebele & Duffey. The evidence showed that the McClintic lease was owned by Storey, Friebele & Duffey and said Houston & West Texas Oil Company. The injury did not occur on the McClintic lease. There was ample evidence that at the time of plaintiff's injury he was working on the Cowden lease as an employee of Storey, Friebele & Duffey. The assignment is overruled.

Special issues Nos. 1, 4 and 8, and the jury's answers thereto were as follows:

"Special Issue No. 1. Do you find from a preponderance of the evidence that the plaintiff, A. N. Wright, sustained personal accidental injuries on the 21st day of November, 1933? Answer yes or no. Answer Yes."

"Special issue No. 4. Do you find from a preponderance of the evidence that the plaintiff A. N. Wright was totally incapacitated for work as a result of his said injuries, if any, received on November 21, 1933? Answer yes or no. Answer: Yes."

"Special Issue No. 8. Do you find from a preponderance of the evidence that the injuries, if any, sustained by plaintiff on November 21, 1933, resulted in the partial incapacity of plaintiff, A. N. Wright, for any length of time? Answer yes or no. Answer: Yes."

The court defined "injury", "personal injury" and "accidental injury" as well as "injuries sustained in the course of employment." The defendant objected to special issue No. 1 because "as framed it was too vague, general and indefinite, and should be reframed so as to confine the jury to those injuries pleaded by the plaintiff and supported by proof * * *." The court's failure to sustain said objection is made the basis of defendant's proposition No. 7. Like objections were made to issues 4 and 8, and the court's failure to sustain the said objection to said respective issues is made the basis for defendant's propositions 8 and 9.

■ We do not find any evidence as to injuries which is without support in the pleadings. We think it is true, as contended by defendant, that plaintiff's incapacity is shown to have resulted immediately from tuberculosis. The real controversy in the case was whether or not plaintiff's incapacity, if any, resulted solely from tuberculosis, independently of the inhalation of gas, or whether plaintiff's incapacity was caused by tuberculosis resulting naturally from the injury. The objection to issue No. 1 was very general and did not advise the court as to what injuries defendant desired the court to inquire about in the issue, or as to what injuries, either alleged or proved, the defendant desired eliminated from the issue submitted. There was only one "accidental injury" alleged or supported by evidence, to-wit, that caused by inhalation of poisonous gas by plaintiff on November 21, 1933. We observe no material difference between the situation in this case and that in Southern Underwriters v. Parker, Tex. Civ.App., 129 S.W.2d 738, writ refused, with reference to the point under investigation. In said case Parker alleged injury to his lungs by gas resulting in his incapacity. The issue there submitted was: "Do you find from a preponderance of the evidence that plaintiff, J. G. Parker, sustained personal injuries on the 18th day of April, 1937?" The same objection was urged to the issue as is urged in the instant case. The objection was overruled and such action was assigned as error. The judgment was affirmed. The Supreme Court refused a writ of error. Such action under similar circumstances was held not to be reversible error in the following cases: Maryland Cas. Co. v. Jackson, Tex. Civ.App., 139 S.W.2d 631, 635; Southern Underwriters v. Cooper, Tex.Civ.App., 138 S.W.2d 563, 567; Southern Underwriters v. Thomas, Tex.Civ.App., 131 S.W.2d 409, 411; Federal Underwriters Exchange v. Rigsby, Tex.Civ.App., 130 S.W.2d 1105, 1107; Federal Underwriters Exchange v. Carroll, Tex.Civ.App., 130 S.W.2d 1101, 1103; Southern Underwriters v. Kelly, Tex. Civ.App., 110 S.W.2d 153, 156.

■ If the objection to the issue should be deemed sufficient to point out to the trial court the error, if any, complained of, so that it might have reframed the issue, and if said issue is deemed erroneous, we think the judgment should not be reversed since it is plain that the defendant was not surprised nor injured thereby, nor was such action reasonably calculated to effect such result. Southern Underwriters v. Kelly, supra; Traders & General Ins. Co. v. Offield, Tex.Civ.App., 105 S.W.2d 359; Southern Underwriters v. Sanders, Tex.Civ.App., 110 S.W.2d 1258; Texas Emp. Ins. Ass'n

v. Hamor, Tex.Civ.App., 97 S.W.2d 1041; Associated Indemnity Corp. v. Baker, Tex. Civ.App., 76 S.W.2d 153.

Complaint is made of the use of the words "has or will" in issues 7 and 11 inquiring as to the length of incapacity or disability upon the ground that the use of said words makes said issues multifarious and duplicitous. We have heretofore overruled said contention. Maryland Cas. Co. v. Foote, Tex.Civ.App., 139 S.W.2d 602, 605, writ refused.

We have examined all of appellant's assignments of error and have concluded that reversible error is not shown.

The judgment is affirmed.