**HARTFORD ACCIDENT & INDEMNITY CO. v. VICK.**

No. 5349.

Court of Civil Appeals of Texas. Amarillo.

Oct. 27, 1941.

Clayton Heare, of Shamrock, for appellant.

John H. Merchant and Clem Calhoun, both of Amarillo, for appellee.

FOLLEY, Justice.

This is a workmen's compensation case in which the appellee, Clyde Vick, was the insured, the appellant, Hartford Accident and Indemnity Company, the insurer, and the West Texas Cotton Oil Company at Shamrock, the employer. The appellee alleged injuries to various parts of his body as a result of lifting on a lint press on February 8, 1939 while working for the cotton oil company. Such injuries were alleged to have been permanent, totally disabling the claimant for a year which was followed by 50% partial incapacity for at least 300 weeks. The appellee recovered judgment for $1,134 based upon a jury verdict of twelve weeks total incapacity, 50% permanent partial incapacity and an average weekly wage rate of $6 which was fixed as just and fair to both parties.

The court submitted to the jury special issue No. 1 as follows: "Do you find from the preponderance of the evidence that on the 8th day of February 1939, plaintiff Clyde Vick, was injured while lifting a part or portion of the lint press in the mill of the West Texas Cotton Oil Company at Shamrock, Texas? Answer yes or no." This issue was answered in the affirmative. The appellant objected to the form of the issue because it allegedly was too broad and general and did not confine the inquiry to an injury pleaded by the appellee and sustained by the proof, but left the jury to speculate upon the kind and type of injuries sustained independent of the pleadings and testimony. The court's failure to sustain this objection is made the basis for appellant's first point seeking reversal of the judgment.

There is no evidence of any injury not alleged and there was but one accident in which the injuries were sustained. It is evident that the injuries which were supported by the pleadings and the proof resulted in the only disability suffered by the appellee and were the only source of his incapacity. Moreover, the objection to issue No. 1 was within itself very "broad and general". It did not apprise the court of what injuries the appellant desired included in or eliminated from the issue. An almost identical objection was made to a similar issue in the case of Traders & General Ins. Co. v. Wright, Tex.Civ.App., 144 S.W.2d 626, writ refused, and the court held that the issue was not objectionable on the ground that it was too vague, general and indefinite. Such decision was based primarily upon the former decision of Southern Underwriters v. Parker, Tex.Civ. App., 129 S.W.2d 738, writ refused, wherein a similar holding was made. Furthermore, as was said in the Wright case [144 S.W.2d 630], if the objection in the instant case "should be deemed sufficient to point out to the trial court the error, if any, complained of, so that it might have reframed the issue, and if said issue is deemed erroneous, we think the judgment should not be reversed since it is plain that the defendant was not surprised nor injured thereby, nor was such action reasonably calculated to effect such result".

In connection with this assignment the appellant relies chiefly upon our holding on this question in the recent case of Texas Employers Ins. Ass'n v. Pierson, Tex. Civ.App., 135 S.W.2d 550, 555. The Pierson case involved two distinct injuries occurring on separate occasions and for each of which injuries the claimant sought compensation. Such fact to some extent distinguishes that case from the present case, however, if the two cases may not be dis-

tinguished and if the holding in the Pierson case be construed as being in conflict with our present holding, nevertheless, we are inclined to the opinion that the rule announced in the Wright and Parker cases is the more accurate and reasonable doctrine to be applied to the facts of this case and should govern our disposition of this assignment. Appellant's contention in this respect is therefore overruled. Traders & General Ins. Co. v. Wright, supra; Southern Underwriters v. Parker, supra; Southern Underwriters v. Thomas, Tex.Civ.App., 131 S.W.2d 409; Southern Underwriters v. Cooper, Tex.Civ.App., 138 S.W.2d 563; Federal Underwriters Exchange v. Carroll, Tex.Civ.App., 130 S.W.2d 1101; Federal Underwriters Exchange v. Rigsby, Tex. Civ.App., 130 S.W.2d 1105; Southern Underwriters v. Kelly, Tex.Civ.App., 110 S. W.2d 153; Maryland Casualty Co. v. Jackson, Tex.Civ.App., 139 S.W.2d 631.

▮ The trial court submitted special issue No. 2 in the following manner: "Do you find from the preponderance of the evidence that from doing such lifting, if he was so doing, plaintiff sustained any accidental personal injury alleged in his petition? Answer yes or no." This issue was answered in the affirmative. The appellant made substantially the same objections to this issue as were made to special issue No. 1, and also objected because of the reference to the pleading. Such objections were overruled. The appellant's second point for reversal is based upon the court's action in this respect. What we have said above relative to the generality of the objections to the first issue applies with equal force here. The appellant again failed to advise the court as to what should be included in or excluded from the issue in question. Nor did the appellant state or point out specifically that any part of the pleading was unsupported by the evidence or wherein any harm would result to it by the reference to the petition. We therefore overrule this assignment upon the same reasoning and authority as above stated.

Special issues 7, 8, 9 and 10 were submitted and answered in the following manner:

"If you have answered issue No. 2 in the affirmative and not otherwise, then you will answer special issue No. 7.

"Special Issue No. 7: Do you find from the preponderance of the evidence that from his injury, if any, plaintiff sustained partial incapacity? Answer yes or no.

"Answer: Yes.

"If you have answered special issue No. 7, in the affirmative and not otherwise, then you will answer special issues Nos. 8–9–10.

"Special Issue No. 8: What do you find from the preponderance of the evidence to be the beginning date of plaintiff's partial incapacity, if any? Answer by giving the date, if any found.

"Answer: May 8, 1939.

"Special Issue No. 9: Do you find from the preponderance of the evidence such partial incapacity, if any you have found in answer to special issue No. 7, to be permanent? Answer yes or no.

"Answer: Yes.

"Special Issue No. 10: From the preponderance of the evidence how many weeks, if any, of partial incapacity, if any you have found in answer to special issue No. 7, do you find that plaintiff sustained or will sustain by reason of the injury, if any, suffered by him on 8th day of February 1939? Answer by giving the number of weeks, if any.

"Answer: ———."

▮▮ In response to special issue No. 11 the jury found partial incapacity of 50%. As above indicated special issue No. 10 was not answered. On these findings, and the finding of the just and fair average weekly wage, the court predicated a judgment for the 300 weeks of 50% partial incapacity. In appellant's motion for a new trial error was assigned to the action of the court in receiving the verdict and in rendering judgment on the same without an answer to special issue No. 10. The court's action in denying the appellant any relief in this respect forms the basis of another point seeking reversal of the judgment. In connection with this point the appellant presents no assignments relative to the manner in which issues 7, 8, 9 and 10 were submitted to the jury. No complaint is therefore made alleging that any of such issues were conditionally submitted. Maryland Casualty Co. v. Foote, Tex.Civ. App., 139 S.W.2d 602, writ refused; Southern Underwriters v. Wheeler, 132 Tex. 350, 123 S.W.2d 340. The contention of the appellant seeking the reversal upon this point is based solely upon the rendition of the judgment in the face of the fact that issue No. 10 was not answered by the jury. It is evident that the issue of temporary partial incapacity was not submitted to the

jury except inferentially, perhaps, in the submission of special issue No. 10. In other words no direct inquiry was submitted to the jury asking if the appellee's partial incapacity was or was not temporary. Traders & General Ins. Co. v. Ray, Tex. Civ.App., 128 S.W.2d 80, writ dismissed, correct judgment. For this omission the appellant makes no complaint. If a direct and positve finding was necessary to negative the idea of temporary partial disability, under the state of this record the presumption prevails that the trial court found on the issue in such manner as to support the judgment, inasmuch as there was evidence to support such implied finding. Wichita Falls & Oklahoma Ry. Co. et al. v. Pepper, 134 Tex. 360, 135 S.W.2d 79. At any rate, since the jury found that the partial incapacity was permanent we think issue No. 10 could only have been logically disposed of by making no answer at all. Any other response would naturally have been incongruous and would have required a negative answer to issue No. 9, unless, perchance, the jurors were soothsayers with prophetic knowledge of the life span of the appellee, which power they at least were not required to possess. We therefore conclude that the jury, in construing issues Nos. 9 and 10 together, made the only answer that was possible to be made if it was the opinion of the jury that the appellee's partial incapacity was permanent, which matter we think is evident from the verdict as a whole. This assignment is therefore overruled.

■ The jury found in response to special issue No. 15 that $6 was the amount just and fair to both parties to be fixed as the average weekly wage of the appellee. The court rendered judgment on the verdict for 12 weeks total incapacity, as found by the jury, at the compensation rate of $7 per week, the minimum fixed by law. This amounted to $84. The court also rendered judgment for 300 weeks at a weekly compensation rate of $3.50 for partial incapacity. The record does not reveal how the court arrived at the weekly compensation rate of $3.50 for partial disability. However, this compensation for partial disability amounted to $1,050, which, with the $84, aggregated $1,134, the amount of the judgment rendered. The appellant in an assignment challenges the correctness of the method pursued in arriving at the compensation rate of partial incapacity. It contends that the correct manner of com-

putation would have been to take 60% of $6, which equals $3.60, and then multiply this figure by the percentage of incapacity, which was 50%, and the result of $1.80 would have been the correct weekly compensation rate. Under this record we think the appellant's contention possesses a great deal of merit but the vice of the situation has been removed by the appellee's filing of a remittitur of $510 in this court which reduces the recovery for partial incapacity to the exact amount claimed by the appellant to be correct. The filing of such remittitur dispenses with the necessity of a specific disposal of this assignment.

■ The appellant further complains of the court's failure to submit various issues relative to appellee's incapacity having been a congenital condition or having been caused by other injuries independent of those received at the oil mill on February 8, 1939. We have concluded that the testimony does not raise such defensive issues and overrule these assignments without further discussion.

■ The appellant further presents what it claims to be reversible error in connection with certain argument to the jury of appellee's counsel in which such counsel referred to one of appellant's witnesses, a physician, in very uncomplimentary terms. He stated in substance the physician was either falsifying about appellee's condition or he was a crook for treating a man who was not hurt and then accepting money for such treatment. Upon appellant's objection to this argument the court instructed the jury not to consider it. The record reveals that the physician in question treated the appellee over a long period of time, accepted pay therefor and then testified that the appellee was not hurt at all. Under such circumstances, and in view of the other evidence in the record, we think counsel for appellee was at least partially justified in his castigation of this witness. However, the presumption prevails that if such argument possessed any vice the same was removed by the court's instruction to the jury.

The judgment of the trial court is reformed so as to allow a recovery for 12 weeks compensation for total disability at $7 per week beginning February 8, 1939, and for 300 weeks compensation for partial incapacity at $1.80 per week beginning May 8, 1939, with interest on all past-due installments at 6% per annum from matur-

ity until paid, and it is ordered that all accrued compensation, together with interest, shall forthwith be paid and that all other installments be paid when due, two-thirds of such recovery to be paid to the appellee and one-third to his attorney of record, as provided in the judgment below, and as so reformed the judgment is affirmed.

Reformed and affirmed.